**Eddie Charles BROWN, etc., Plaintiff-Appellant,**

**v.**

**A.J. GERRARD MANUFACTURING COMPANY, Defendant-Appellee.**

**No. 81–7792.**

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1983.

Robert L. Wiggins, Jr., Birmingham, Ala., for plaintiff-appellant.

Whitmire, Morton & Coleman, Bryant A. Whitmire, Birmingham, Ala., for defendant-appellee.

Barry L. Goldstein, Washington, D.C., for amicus NAACP Legal Defense, etc.

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

■ The en banc court took this case for reconsideration of whether the deduction of unemployment compensation benefits from the amount of a Title VII back pay award should be left to the discretion of the district court. In *Brown v. A.J. Gerrard Manufacturing Co.*, 695 F.2d 1290 (11th Cir. 1983), a panel of this Court, bound by the Fifth Circuit's decision in *Merriweather v. Hercules, Inc.*, 631 F.2d 1161 (5th Cir.1980), concluded that such a deduction is within the trial court's discretion.[1] We now hold as a matter of law that unemployment compensation benefits received from a state fund, even if supported by a tax on employers, may not be deducted from a Title VII back pay award, and overrule *Merriweather* as precedent in this Circuit.

The facts of this case are set forth in the panel opinion, *Brown v. A.J. Gerrard Manufacturing Co.*, 695 F.2d 1290, 1291–92 (11th Cir.1983). Briefly, Eddie Charles Brown was awarded a Title VII judgment based on his discharge from A.J. Gerrard Manufacturing Company. The court in awarding back pay deducted the $962 paid to Brown in state unemployment compensation. Brown appeals the deduction of the unemployment compensation benefits.

The back pay provision of Title VII was expressly modeled on the back pay provision of the National Labor Relations Act (NLRA). *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 419, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). In *National Labor Relations Board v. Gullett Gin*, 340 U.S. 361, 364, 71 S.Ct. 337, 339, 95 L.Ed. 337 (1950), the Supreme Court held that it was within the discretion of the Labor Relations Board to refuse to deduct unemployment compensation payment from back pay awarded for a labor violation. Focusing on the holding in *Gullett Gin* that the Board did not abuse its discretion in that case, our Court has held that whether such payment should be deducted from Title VII awards was a matter within the trial court's discretion. *Merriweather v. Hercules, Inc.*, 631 F.2d 1161 (5th Cir.1980) (upholding district court's deduction). *See Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d 730 (5th Cir.1977) (upholding district court's denial of deduction under Age Discrimination in Employment Act). Other courts have so held. *E.g., Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 47 (2d Cir.1980); *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 401 (3d Cir.1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *EEOC v. Enterprise Association Steamfitters*, 542 F.2d 579, 591–92 (2d Cir.1976), *cert. denied*, 430 U.S. 911, 97 S.Ct. 1186, 51 L.Ed.2d 588 (1977); *Satty v. Nashville Gas Co.*, 522 F.2d 850, 855 (6th Cir.1975), *vacated and remanded on other grounds*, 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977); *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 721 (7th Cir.1969). *Cf. Syvock v. Milwaukee Boiler Manufacturing Co.*, 665 F.2d 149, 161–62 (7th Cir. 1981) (upholding allowance of deduction in age discrimination suit). Still others have held that unemployment compensation may not be deducted from a Title VII back pay award. *Kauffman v. Sidereal Corp.*, 695 F.2d 343, 346–47 (9th Cir.1982); *EEOC v. Ford Motor Co.*, 645 F.2d 183, 195–96 (4th Cir.1981), *rev'd on other grounds*, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982).

Although some judges on the Court would adhere to our ruling that the matter should be left to the discretion of the trial court, a majority of the Court decides that a more faithful following of the practice under the labor laws and the decision in *Gullett Gin* requires that the deduction of unemployment payments from Title VII back pay awards should be consistently disallowed. This conclusion is based on our understanding that at the time *Gullett Gin* was decided, the

---

1. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc).

NLRB consistently disallowed the deduction, apparently with congressional imprimatur, and did not handle the matter on a case-by-case basis. In the *Gullett Gin* opinion, the Court stated:

> Our holding is supported by the fact that when Congress amended the National Labor Relations Act in 1947, the Board had for many years been following the practice of disallowing deduction for collateral benefits such as unemployment compensation. During this period the Board's practice had been challenged before the courts in only two cases, and in both the Board's position was sustained. *Labor Board v. Marshall Field & Co.,* 129 F.2d 169; *Labor Board v. Brashear Freight Lines,* 127 F.2d 198. In the course of adopting the 1947 amendments Congress considered in great detail the provisions of the earlier legislation as they had been applied by the Board. Under these circumstances it is a fair assumption that by reenacting without pertinent modification the provision with which we here deal, Congress accepted the construction placed thereon by the Board and approved by the courts....

340 U.S. at 365–66, 71 S.Ct. at 340–41 (footnotes omitted). The NLRB reports show that the Board's practice at the time of *Gullett Gin* was to disallow the deduction of unemployment insurance payments from back pay awards. 11 N.L.R.B.Ann.Rep. 50 (1946); 4 N.L.R.B.Ann.Rep. 100 n. 25 (1939). The Board currently disallows such a deduction. *See* N.L.R.B. Casehandling Manual, Part III, Compliance Proceedings § 10604.1 (1977) ("Such receipts as . . . unemployment insurance payments . . . are not considered interim earnings, hence are not deductible.").

■ Thus, *Gullett Gin,* in spite of its reference to the Board's discretion to enter the order "in this case," can be read to hold that the Board's consistent denial of the deduction was within its discretion, so that the consistent practice in fact became the settled back pay law under the NLRA. Be-

cause Title VII was modeled by Congress on the back pay law of the NLRA, it appears to the majority of the members of the Court that the decision here fulfills that congressional purpose. In making this decision, we note that the cases which give district courts discretion to decide on a case-by-case basis whether to deduct unemployment insurance from Title VII back pay awards have developed no standards by which to judge that discretion. *See, e.g. Grant v. Bethlehem Steel Corp.,* 622 F.2d 43, 47 (2d Cir.1980); *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 401 (3rd Cir.1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *EEOC v. Enterprise Association Steamfitters,* 542 F.2d 579, 591–92 (2d Cir.1976), *cert. denied,* 430 U.S. 911, 97 S.Ct. 1186, 51 L.Ed.2d 588 (1977); *Satty v. Nashville Gas Co.,* 522 F.2d 850, 855 (6th Cir.1975), *vacated and remanded on other grounds,* 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977); *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711, 721 (7th Cir.1969). While district courts have discretion to decide whether to award back pay, 42 U.S.C.A. § 2000e–5(g), that decision is guided by meaningful standards and subject to thorough appellate review. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). There have been, of course, no standards for case-by-case decision developed by the NLRB that could be incorporated into Title VII, because the NLRB has consistently denied the deduction.

A consistent approach to this legal question seems preferable to a virtually unreviewable discretion which may produce arbitrary and inconsistent results. Since the district court deducted the unemployment compensation from the Title VII back pay award, the judgment is reversed and the case remanded for entry of an appropriate judgment.

REVERSED and REMANDED.