749 F.2d 1501
 45 Fair Empl.Prac.Cas. 1681,
35 Empl. Prac. Dec. P 34,916
Mattie Jo CRABTREE, Plaintiff-Appellee, Cross-Appellant,
v.
BAPTIST HOSPITAL OF GADSDEN, INC., d/b/a Baptist Memorial
Hospital, Defendant-Appellant, Cross-Appellee.
 No. 84-7021.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 8, 1985.
 
 John T. Robertson, R. Kent Henslee, Gadsden, Ala., for Baptist Hosp. of Gadsden.
 David R. Arendall, Arendall & O'Kelley, Birmingham, Ala., for Mattie Jo Crabtree.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before RONEY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 TUTTLE, Senior Circuit Judge:
 
 
 1
 The district court held that appellant Baptist Hospital of Gadsden, Inc. violated both the Equal Pay Act, 29 U.S.C. Sec. 206(d), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(a), in its compensation to and termination of appellee Mattie Jo Crabtree. We have determined that the judgment of the district court as to liability is based on findings of fact which are not clearly erroneous. In accordance withEleventh Circuit Rule 25, therefore, we affirm the liability determination of the district court without opinion.
 
 
 2
 On cross-appeal, Crabtree raises three challenges to the district court's Title VII damage determination. First, she contends that the court made a calculation error in its award of pre-judgment interest by applying the interest rate to accumulated interest only rather than to principal plus interest. We agree and remand for a recalculation of prejudgment interest.
 
 
 3
 Second, Crabtree argues that the district court failed through an oversight to include executive retirement benefits in the backpay award. The undisputed evidence showed that Crabtree was entitled to participate in the executive retirement program. The district court awarded Crabtree all other fringe benefits that could be turned into cash by the employee but its opinion did not mention executive retirement benefits. This appears to have been an oversight by the district court. Because the object of the backpay provisions of Title VII is to make employees whole for losses suffered on account of unlawful discrimination, Albemarle Paper Co. v. Moody, 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975); Pettway v. American Cast Iron Pipe Co., 494 F.2d 211, 252 (5th Cir.1974), fringe benefits should be included in backpay, Pettway, 494 F.2d at 263. Thus, we remand to the district court for inclusion of executive retirement benefits in the backpay award.
 
 
 4
 Finally, Crabtree challenges the district court's use of the salary she was being paid prior to her termination as the base pay for calculating the backpay award. The payment of this salary was found by the district court to be in violation of the Equal Pay Act. Crabtree argues that the Title VII backpay award should be based on the higher salary which the court determined she should have been paid under the Equal Pay Act.
 
 
 5
 The district court indicated that it declined to base the Title VII award on the adjusted salary because Crabtree's complaint alleged two separate causes of action, one under Title VII and one under the Equal Pay Act. The Title VII count complained only of unlawful discharge, not of salary violations. We agree with Crabtree that the district court's reliance on what the court itself recognized as a "nicety of pleading" violates the admonition of Fed.R.Civ.P. 8(f) that all pleadings be construed so as to do substantial justice.
 
 
 6
 While the district court has discretion to decide whether to award backpay, 42 U.S.C. Sec. 2000e-5(g), "that decision is guided by meaningful standards and subject to thorough appellate review." Brown v. A.J. Gerrard Mfg. Co., 715 F.2d 1549, 1551 (11th Cir.1983) (en banc). The Supreme Court stated in Albemarle Paper Co., 422 U.S. at 421, 95 S.Ct. at 2373, that "given a finding of unlawful discrimination, backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination."
 
 
 7
 The sex discrimination provisions of Title VII must be read in harmony with the Equal Pay Act. Orr v. Frank R. MacNeill & Son, Inc., 511 F.2d 166, 170 (5th Cir.) cert. dismissed 423 U.S. 865, 96 S.Ct. 125, 46 L.Ed.2d 94 (1975). Basing a backpay award under Title VII on a salary found to violate the Equal Pay Act would ignore both Title VII's purpose of making victims whole for economic losses suffered through past discrimination and the requirement that Title VII and the Equal Pay Act be read in harmony. We therefore remand to the district court for a redetermination of the Title VII backpay award based on Crabtree's salary as adjusted in compliance with the Equal Pay Act.
 
 
 8
 AFFIRMED as to liability. REVERSED and REMANDED for a recalculation of damages in accordance with this opinion.