HENDRY, Judge.
Julie Brummer appeals from a final order of the appellee Florida Unemployment Appeals Commission (UEAC) affirming a determination by an appeals referee holding her liable for repayment of unemployment compensation benefits received by her. Because we find that there was no statutory basis for appellee’s action, we reverse.
Appellant was a part-time employee with the United States Postal Service from December, 1981 to September, 1982. At that time appellant was placed on a non-duty, non-pay status due to the employer’s asserted inability to accommodate her physical limitations. There is no question that appellant was entitled to receive unemployment compensation. Appellant received weekly unemployment benefits from October 16, 1982 until March 19, 1983, for a total of $2,710.00. During this time period, appellant filed a complaint with the Equal Employment Opportunity Commission (EEOC) against the Postal Service alleging discriminatory employment practices. Pursuant to an EEOC settlement, appellant was rehired by the Postal Service and was awarded back pay of $6,409.88 encompassing the period from September, 1982 until March, 1983. The instant appeal is a result of the position adopted by the UEAC that the back pay award was the equivalent of appellant’s having received “wages” during the period that she was receiving unemployment benefits and thus she was required to repay all of the monies she received. Appellant was not allowed to raise any defenses to this determination at the hearing. The employer adopted the position of the UEAC and argued at the hearing that appellant should be required to repay the money.
We note at the outset that the employer herein is trying to accomplish indirectly what it cannot do directly; that is, it is attempting to obtain a credit for the unemployment compensation benefits paid by the state during the time the employer was engaging in unlawful employment discrimination. When promulgating section 2000e-5(g) of Title VII, Congress expressly adopted National Labor Relations Act (NLRA) standards for the calculation of Title VII back pay awards. The back pay provision of Title VII was expressly modeled on the back pay provision of the NLRA. Albemarle Paper Co. v. Moody, 422 U.S. 405, 419-20, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280, 297 (1975). The NLRA practice, as articulated by the United States Supreme Court in National Labor Relations Board v. Gullett Gin Co., 340 U.S. 361, 364-65, 71 S.Ct. 337, 339-40, 95 L.Ed. 337, 342 (1951) is that unemployment benefits may not be deducted from back pay awards. Accord Darnell v. City of Jasper, Alabama, 730 F.2d 653 (11th Cir. 1984); Craig v. Y & Y Snacks, Inc., 721 F.2d 77 (3d Cir.1983); Brown v. A.J. Gerrard Manufacturing Co., 715 F.2d 1549 (11th Cir.1983) (en banc); Boich v. Federal Mine Safety & Health Review Commission, 704 F.2d 275 (6th Cir.1983); Kauffman v. Sidereal Corp., 695 F.2d 343 (9th Cir.1983); Equal Employment Opportunity Commission v. Ford Motor Co., 645 F.2d 183 (4th Cir.1981), rev’d other grounds, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982); Equal Employment Opportunity Commission v. Sandia Corp., 639 F.2d 600 (10th Cir.1980). The Fifth Circuit Court of Appeals has adopted the position that deduction of unemployment compensation from back pay awards should be left to the trial court’s discretion. Merriweather v. Hercules, Inc., 631 F.2d 1161 (5th Cir. 1-980). The federal courts will allow a state to recoup unemployment benefits from back pay awards only when the state has enacted a statute which specifically provides for re-coupment of those benefits by the state when back pay has been awarded. See, e.g., Dillon v. Coles, 746 F.2d 998 (3d Cir.1984) (Pa.Stat.Ann. tit. 43 § 874(b)(3) [Purdon 1983]); Rasimas v. Michigan Department of Mental Health, 714 F.2d 614 (6th *1093 Cir.1983) (Mich.Comp. Laws Ann. § 421.48 (2) [Supp.1984]); Colo.Rev.Stat. § 873-110 (1973). We can find nothing in the various provisions of chapter 443 to support appellee’s contention that the State of Florida has the statutory authority to recoup its unemployment compensation payments from a back pay award. That authority must come from the legislature and not from this court.
Reversed.'