**Velma SMITH, Plaintiff-Appellee, Cross-Appellant,**

v.

**AMERICAN SERVICE COMPANY OF ATLANTA, INC., Defendant-Appellant, Cross-Appellee.**

**No. 85–8591.**

United States Court of Appeals, Eleventh Circuit.

Aug. 15, 1986.

Harry W. Bassler, Atlanta, Ga., for defendant-appellant, cross-appellee.

David R. Sweat, Athens, Ga., for plaintiff-appellee, cross-appellant.

Before TJOFLAT and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

ANDERSON, Circuit Judge:

Smith filed this Title VII action against American Service Company of Atlanta, Inc. ("American") for alleged race discrimination. The district court found that American had intentionally discriminated against Smith in not selecting her to fill a receptionist position. After a hearing on the issue of damages, the district court entered judgment setting Smith's entitlement to back pay and awarding Smith attorney's fees, but denying Smith's request for prejudgment interest on the back pay award. American raises a number of issues on appeal and Smith cross-appeals the district court's denial of prejudgment interest, 611 F.Supp. 321. We affirm the decision of the district court in all respects except that we vacate the denial of prejudgment interest and remand to the district court for determination of that issue pursuant to the correct legal standards.

## I. AMERICAN'S LIABILITY

The district court's finding that Smith had carried her burden of proving discrimination is not clearly erroneous.[1]

## II. MITIGATION OF DAMAGES

In its opinion on damages, the district court held that American had failed to carry its burden of persuading the court that the back pay award should be reduced because Smith's decision to attend cosmetology school was unreasonable and constituted a failure to mitigate damages. On appeal, American contends that it should not be liable for back pay during the time that Smith was a full-time student.

 Smith, as a prevailing Title VII plaintiff, was required to mitigate damages by being reasonably diligent in seeking employment substantially equivalent to the position she was denied. *See Ford Motor Co. v. EEOC*, 458 U.S. 219, 231–32, 102 S.Ct. 3057, 3065–66, 73 L.Ed.2d 721 (1982). The burden of proving lack of diligence is on the defendant once a Title VII plaintiff has established damages resulting from the discriminatory acts of the employer. *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir.1981) (Unit A).[2] The district court in this case found that American failed to

---

1. American's other claims of error regarding its liability are without merit.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

meet its burden of establishing a lack of diligence on Smith's part.

■ Although Smith began attending cosmetology school full-time, evidence in the record indicates that she continued to look for work, and in fact worked part-time while attending school. Moreover, Smith had been actively seeking work with little success from the time American refused to hire her as a receptionist until the time she began cosmetology school, a period of about seven months. This court held in *Nord v. United States Steel Corp.*, 758 F.2d 1462, 1471 (11th Cir.1985), that it was reasonable for a Title VII plaintiff to turn her attention to setting up a business with her husband following a period of time during which she actively searched for employment. In support of its decision, the *Nord* court cited *Brady v. Thurston Motor Lines*, 753 F.2d 1269 (4th Cir.1985), in which a plaintiff who unsuccessfully searched for substantially equivalent employment for one year was justified in accepting lesser employment and going to school full-time, even though he no longer sought employment substantially equivalent to the job he lost due to discrimination. *Brady* is similar to the instant case in that respect. In light of Smith's efforts to secure employment prior to beginning school, and in light of the fact that she worked part-time while she attended school, we affirm the district court's conclusion that Smith's decision to attend school full-time was entirely reasonable under the circumstances and not a failure to mitigate damages.[3]

## III. DENIAL OF PREJUDGMENT INTEREST

■ After determining that Smith was entitled to back pay, the district court declined to award prejudgment interest on the back pay amount. In doing so, the trial judge stated:

> Whether to award prejudgment interest is a matter which lies within the discretion of the court. *Merriweather v. Hercules*, 631 F.2d 1161 (5th Cir.1980). Under the facts of this case, the court determines that an award of such interest is not justified. This is not a discharge case. Further, an award of interest would tend to be punitive in nature.

Record on Appeal, vol. 2 at 327.

In *Brown v. A.J. Gerrard Manufacturing Co.*, 715 F.2d 1549 (11th Cir.1983) (en banc) (per curiam), we expressly overruled *Merriweather* with respect to the *Merriweather* court's deduction of unemployment benefits from Title VII back pay awards. The *Merriweather* court had determined that whether or not unemployment benefits should be deducted from the back pay award was within the district court's discretion, and had affirmed the district court's exercise of its discretion to deduct same. *Brown* noted that Congress intended to model Title VII remedies on those afforded by the National Labor Relations Act ("NLRA"). *Id.* at 1550–51. There had been a consistent practice under the NLRA of refusing to deduct unemployment benefits from back pay awards. Consequently, *Brown* held that unemployment benefits are not to be deducted from Title VII back pay awards.

While *Brown* overruled *Merriweather* with respect to the deduction of unemployment benefits from Title VII back pay awards, *Brown* did not address *Merriweather*'s prejudgment interest analysis. *Merriweather* applied the same abuse of discretion standard to a trial judge's denial of prejudgment interest on Title VII back pay awards. *See Merriweather*, 631 F.2d 1161, 1168 (5th Cir.1980). We see no reason why the *Brown* rationale would not apply for purposes of determining whether prejudgment interest should be awarded to prevailing Title VII claimants. Thus, we vacate the district court's judgment with respect to prejudgment interest and re-

---

**3.** Supporting our conclusion that the district court correctly held that American failed to prove Smith's lack of diligence in mitigating damages is the fact that a significant amount of money was deducted from Smith's back pay award due to her earnings during the time she attended cosmetology school.

mand to the district court for a redetermination of whether Smith is entitled to prejudgment interest. In analyzing this issue, the district court should look to the practice under the NLRA with respect to prejudgment interest on back pay awards.[4]

On the basis of the foregoing, the judgment of the district court is

AFFIRMED in part, VACATED in part, and REMANDED.

---

4. The district court, in disallowing prejudgment interest, seemed to think such interest was appropriate in discharge cases, but not in failure to hire cases. Although this perspective is probably moot since we doubt that the practice under NLRA recognized such a distinction, we acknowledge our inability to understand the distinction. Similarly, the district court stated in conclusory fashion that prejudgment interest in this case would be punitive. If the NLRA practice would consider any punitive aspects of awarding prejudgment interest, the district court should on remand elaborate on why it would be punitive to award prejudgment interest in this case.