729 So.2d 536 (1999)
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellant,
v.
Ray BALAGUER, Appellee.
No. 98-234.
District Court of Appeal of Florida, First District.
April 16, 1999.
Elsa Lopez Whitehurst, Assistant General Counsel, Department of Business and Professional Regulation, Tallahassee, for Appellant.
William J. Johnson, Tallahassee, for Appellee.
WEBSTER, J.
The Department of Business and Professional Regulation (Department) seeks review of a final order of the Commission on Human *537 Relations that adopted findings of fact made by an administrative law judge and granted a petition for relief from an unlawful employment practice, directing the Department to "cease and desist discriminating against applicants for promotion on the basis of gender" and to promote appellee (Balaguer). According to the Department, several critical findings of the administrative law judge are clearly erroneous, and the remaining findings are legally insufficient to sustain the order. We agree and, accordingly, reverse.
Balaguer was a finalist for promotion to law enforcement sergeant in the Department's Division of Alcoholic Beverages and Tobacco, as was a woman. The woman received the promotion, and Balaguer filed a petition with the Commission on Human Relations, claiming that he had been discriminated against based on age and gender. Following an investigation, the Commission's executive director determined "that there [wa]s no reasonable cause to believe that an unlawful employment practice ha[d] occurred." Balaguer then requested a formal administrative hearing.
Following the hearing, the administrative law judge issued a recommended order in which he found that the Department, through its Division of Alcoholic Beverages and Tobacco, had engaged in unlawful gender discrimination, and recommended that the Department be directed to stop such discrimination and to promote Balaguer to sergeant. Notwithstanding the Department's exceptions to the recommended order, the Commission on Human Relations concluded that the administrative law judge's findings of fact "[we]re supported by competent substantial evidence," and adopted them. It also adopted (with minor modifications) the administrative law judge's conclusions of law and recommendations, and directed the Department to stop discriminating based on gender and to promote Balaguer to sergeant.
Among the critical findings of fact made by the administrative law judge are the following: (1) "There was no consideration of the candidates' formal education"; (2) "The [interview] panel considered [the female applicant's] resume"; (3) "[Balaguer's] supervisor of 11 years, who interviewed both [the female applicant] and [Balaguer], found that [Balaguer] was not as skilled in licensing as [the female applicant] not because his answers were wrong, but because they reflected a management style or approach which was less compatible with his than was [the female applicant's]"; (4) "[The woman] was subsequently discharged for reasons relating to her conduct"; (5) There was "evidence of a comment made by an unidentified member of the [interview] panel that promotion of a female was desirable in terms of the agency's equal opportunity goals.... [T]his comment... reflects a bias based upon sex which was accepted and went unchallenged by the other members of the panel all of whom were senior officers in the agency"; (6) "[The female applicant] alone filed a resume which was considered by the panel and the panel did not consider the education of the applicants in accordance with historic precedent." As the administrative law judge acknowledged in his conclusions of law, these findings constituted the support for his ultimate finding that Balaguer had been discriminated against because of his gender. The Department filed an exception to each of these findings with the Commission on Human Relations, arguing that they were not supported by competent, substantial evidence. It renews that argument here.
The Department correctly acknowledges that, with regard to employment discrimination cases such as this, the proper standard of review as to findings made by the administrative law judge is whether the findings are "clearly erroneous." In Florida Department of Community Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991), an employment discrimination case, we said:
The ultimate question of the existence of discrimination is a question of fact. Thus, an appellate court's power to alter the lower tribunal's finding in that regard is limited to those findings that are clearly erroneous.... Consequently, a hearing officer's finding of no discrimination should only be set aside if that finding is clearly erroneous, or is based on clearly erroneous findings of fact or a mistaken view of the law.
(Citations omitted.)
Having carefully read the record, we can find no evidentiary support for the critical *538 findings of fact set out above. As a result, we are constrained to conclude that they are clearly erroneous. Without the support of those findings, the ultimate finding of gender discrimination is, likewise, clearly erroneous, and cannot stand. Because there is no competent evidence from which one might find that the Department had discriminated against Balaguer based on gender, we reverse the final order of the Commission on Human Relations, and we remand with directions that the Commission enter an order denying Balaguer's petition for relief.
REVERSED and REMANDED, with directions.
BOOTH and JOANOS, JJ., CONCUR.