Sharon PATCHES, an individual,
Plaintiff—Appellant,

v.

CITY OF PHOENIX, a municipal corporation; Mike Bassett, husband; Jane Doe Bassett, wife; John Doe Smoot, husband; Deborah Smoot, wife; Lee Hiser, husband; Jane Doe Hiser, wife; Irwin Bakin, Husband; Jane Doe Bakin, wife, Defendants—Appellees.

No. 02–15408.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 31, 2003.

Decided May 12, 2003.

Before: B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

### MEMORANDUM *

Sharon Patches ("Patches") appeals the district court's grant of summary judgment (1) in favor of the City of Phoenix ("City") on her Title VII sex discrimination claim, and (2) in favor of the City and individual Appellees on her 42 U.S.C. §§ 1983 and 1985 actions and various constitutional claims. We review de novo a district court's grant of summary judgment. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We must view the evidence in the light most favorable to the nonmoving party to determine whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### Discussion

**A. Title VII Sex Discrimination Claim**

 We reject Patches's argument that the City discriminated against her based on sex by treating her less favorably than similarly situated male employees in disciplinary investigations and the imposition of discipline. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir.2002). Patches offered for comparison three male/female relationships and other misconduct of male officers. These comparisons are not similar in all *"relevant aspects"* to Patches's situation. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998) (internal quotation marks omitted). Most of the misconduct Patches pointed to did not involve workplace disruption and, in some instanc-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

es, male officers received comparable or greater discipline for their misconduct than Patches. In short, Patches's claim fails under any formulation of the standard for "similarly situated." *See, e.g., Graham v. Long Island R.R.,* 230 F.3d 34, 40 (2d Cir.2000) (requiring that comparators be similar in "all material respects"); *Lynn v. Deaconess Med. Ctr.,* 160 F.3d 484, 487 (8th Cir.1998) (requiring that comparators be "similarly situated in all relevant respects" (internal quotation marks omitted)).

Patches failed also to present evidence demonstrating that the City's reason for imposing discipline was a pretext for sex discrimination. The City maintains that Patches was disciplined for inappropriate conduct as revealed by the disciplinary investigation. Patches did not "put forth *specific* and *substantial* evidence that [the City's reason is] really a pretext for [sex] discrimination." *Aragon,* 292 F.3d at 661. Because Patches has failed to present a genuine issue of material fact on her Title VII claim, we affirm the district court's grant of summary judgment.

## B. Constitutional Claims

◼ Patches's § 1983 claim alleges that the Appellees discriminated against her on the basis of sex and sexual orientation, thereby violating her rights to equal protection. She claims also that Appellees violated her rights to privacy and intimate association by imposing discipline for her relationship with a subordinate.

### 1. Municipal Liability

The district court appropriately determined that the City was not liable for its employees' alleged constitutional violations. Patches argues that the City is liable because (1) it had a custom of harassing women and discriminating against them on the basis of sex, and (2) it failed to adequately train its employees.

To prove the existence of a "custom," Patches is required to show "the existence of a widespread practice that … is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Gillette v. Delmore,* 979 F.2d 1342, 1349 (9th Cir.1992) (per curiam) (citation omitted). Patches did not demonstrate that sexual harassment or discrimination is pervasive in the police department. Additionally, City officials punished those individuals who had engaged in sexually harassing behavior. Patches may disagree with the punishment imposed for harassment, but she did not offer evidence of "repeated constitutional violations for which the errant [City] officials were not discharged or reprimanded." *Id.*

Patches failed also to demonstrate that the City should be liable because its alleged failure to train investigators "amounts to deliberate indifference to [her] rights." *Ting v. United States,* 927 F.2d 1504, 1512 (9th Cir.1991) (citation omitted). Patches introduced no evidence about the nature of the City's EEO training, and nothing in the record suggests that this training was inadequate, much less that it was inadequate in a way that represents an impermissible "policy" or amounts to deliberate indifference. *See City of Canton v. Harris,* 489 U.S. 378, 389–90, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The district court appropriately concluded that the City is not liable for any of its employees' alleged constitutional violations.

### 2. Equal Protection

◼ Patches claims that Appellees violated her right to equal protection by discriminating against her based on sex and sexual orientation. Patches relies on the same evidence used for her Title VII claim in attempt to establish her equal protection claim. Because Patches did not

submit sufficient evidence to demonstrate intentional discrimination against her in violation of Title VII, no genuine issue of material fact exists as to her sex discrimination claim against the City under section 1983. *Sischo–Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1112 (9th Cir.1991). With regard to the individual Appellees, Patches failed to submit sufficient evidence of discrimination based on sex.

Patches argues also that the City discriminated against her based on sexual orientation because its "Notices of Investigation" prohibited her from discussing the ongoing investigation with anyone but her attorney, minister, union representative or spouse. Patches argues that this prohibition discriminates against her on the basis of sexual orientation because homosexuals cannot marry and, as a result, she could not discuss the investigation with her partner. The City's policy prohibiting an employee under investigation from discussing the case with anyone but the individuals specified tracks the established communications privileges recognized by law and prohibits *all* unmarried employees, regardless of sexual orientation, from discussing the investigation with their partners. Patches failed to establish that the City's distinction between married and unmarried employees is not supported by a rational basis. *See Eisenstadt v. Baird,* 405 U.S. 438, 447, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972). Insofar as Patches claims that the policy at issue, while facially neutral, simply has a disparate impact on gays and lesbians, such a claim is untenable as a violation of the Equal Protection Clause without evidence of discriminatory intent. *See, e.g., Sischo–Nownejad,* 934 F.2d at 1112. Patches introduced no evidence whatsoever to suggest that the City adopted its policy with the intent to discriminate against gays and lesbians. Thus, her sexual orientation discrimination claim fails.[1]

### 3. Privacy and Intimate Association

■ We reject Patches's claims that her rights to privacy and intimate association were violated because Appellees forced her in an unduly broad investigation to disclose her sexual orientation in violation of the Fourteenth Amendment and disciplined her for having a relationship with a subordinate in violation of the First Amendment. Appellees did not "force" Patches to disclose her homosexuality; it was apparent from the nature of her relationship with a female subordinate. Moreover, the questions involving the nature of Patches's relationship were relevant to the misconduct allegations.

In addition, Patches's discipline did not violate her right to association. Sexual relations among officers in a police department "may" be "an appropriate matter of inquiry with respect to employment in light of their possible adverse effect on morale, assignments, and the command-subordinate relationship." *Thorne v. City of El Segundo,* 726 F.2d 459, 469 (9th Cir.1983) (quoting the district court and noting that the inquiry should be limited to this "sort of information"). This concern is particularly relevant where part of the work disruption at issue was a result of Patches assigning her partner to a special squad, an assignment that other subordinates questioned.

Finally, Patches's claim that disclosure of her medical information in the draft investigation report violated her right to privacy was not supported by admissible evidence demonstrating that her medical

---

1. Because Patches's § 1983 claims fail, her §§ 1985(3) and 1986 claims that the Appellees engaged in and neglected to prevent a con- spiracy to deprive her of her constitutional rights also fail. *Caldeira v. County of Kauai,* 866 F.2d 1175, 1182 (9th Cir.1989).

information was actually disclosed to individuals in her work unit.

### Conclusion

Patches has failed to demonstrate that a genuine issue of material fact exists with regard to her claims under Title VII, 42 U.S.C. §§ 1983, 1985, 1986 and the First and Fourteenth Amendments. Accordingly, we affirm the district court's grant of summary judgment.

AFFIRMED.

---

* Withdrawn and published in full at 339 F.3d 1013.

** The Honorable Samuel P. King, Senior District Judge for Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.