911 So.2d 171 (2005)
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellant,
v.
Gloria GARCIA, Appellee.
No. 3D03-402.
District Court of Appeal of Florida, Third District.
August 24, 2005.
*172 Papy, Weissenborn, Vraspir & Puga, and Sheridan Weissenborn, Coral Gables, for appellant.
David H. Pollack and Randall Goldberg, for appellee.
Before COPE, C.J., and CORTIÑAS, J., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
The Department of Children and Family Services appeals from an adverse final order of the Florida Commission on Human Relations. The decision essentially adopted a recommended order of an administrative law judge that the Department had engaged in unlawful gender discrimination by discharging appellee Gloria Garcia as a supervisor with the Department, and awarded her over $150,000.00 in back pay, retirement contributions, attorneys' fees and costs. We reverse with directions to dismiss on the ground that the evidence does not support the result.
It is clear that the Department presented legitimate nondiscriminatory evidence that Garcia had been discharged for serious misconduct which was itself related to sexual harassment. See Garcia v. Dep't of Health & Rehab. Servs., 697 So.2d 841 (Fla. 1st DCA 1996), (affirming dismissal).[1] Therefore, she could succeed on the present claim only upon an affirmative showing that the employer had used those grounds only as an excuse or "mere pretext" for what was really motivated by gender discrimination. See Scholz v. RDV Sports, Inc., 710 So.2d 618, 624 (Fla. 5th DCA 1998)("If the defendant responds by adequately explaining its rationale, the plaintiff, in order to prevail, must present evidence that defendant's proffered reasons are merely pretexts for discrimination."), review denied, 718 So.2d 170 (Fla.1998) (citation omitted); Gray v. Russell Corp., 681 So.2d 310, 312 (Fla. 1st DCA 1996)(plaintiffs have burden "to prove, by a preponderance of the evidence, that [employer's] articulated reasons for discharging [plaintiffs] were pretextual"); Reeves *173 v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000)("plaintiffonce the employer produces sufficient evidence to support a nondiscriminatory explanation for its decisionmust be afforded the `opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination'" (quoting Texas Dep't of Comty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981))); Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1081 (11th Cir.2005)(if former employer offers a legitimate explanation for adverse action, then plaintiff "must show the explanation is inadequate, a mere pretext"); Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir.2002)("Because [former employer] has met its burden of presenting a legitimate, nondiscriminatory reason for its act, [plaintiff] bears the burden of showing that the reasons offered were merely pretext."); Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1258 (11th Cir.2001)(if defendant offers a nondiscriminatory reason for terminating plaintiff, "plaintiff may then attempt to demonstrate that the proffered reason was in fact merely a pretext for the defendant's actions"), cert. denied, 534 U.S. 976, 122 S.Ct. 402, 151 L.Ed.2d 305 (2001); Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir.1997)(when defendant presents nondiscriminatory reason for adverse actions, "plaintiff has the opportunity to demonstrate that the defendant's articulated reason for the adverse employment action is a mere pretext for discrimination").
Because, again admittedly, there was no direct evidence that any of the personnel responsible for the dismissal acted for discriminatory reasons, she attempted to make her case circumstantially claiming that she was less favorably treated than male co-workers who were similarly situated to her "in all relevant respects." Cooley v. Great S. Wood Preserving, 138 Fed. Appx. 149, 157 (11th Cir.2005)(unpublished); see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973) ("[e]specially relevant" to showing that the employer's reason was a pretext would be evidence that employees outside the protected class were treated more favorably despite involvement in "acts against [the employer] of comparable seriousness"); Rojas, 285 F.3d at 1343 ("Even when good reasons  the factual bases for which are not rebutted  are proffered by an employer, a plaintiff can, in some circumstances, still show discrimination. To do so, however, a plaintiff must show that male employees with employment histories like the plaintiff's were not subject to the same adverse employment action as the plaintiff."); Abel v. Dubberly, 210 F.3d 1334, 1336 (11th Cir.2000)(plaintiff sought to show that reason for termination "was used merely as a pretext and that race was the real factor for her termination because . . . an African-American employee had also taken county money but had not been similarly disciplined"); Morrow v. Wal-Mart Stores, Inc., 152 F.3d 559, 561 (7th Cir.1998)("Whether couched in terms of establishing a prima facie case or in terms of demonstrating pretext, the inquiry remains the same: The plaintiffs . . . have the burden of showing that similarly-situated [male] employeesthat is, [male] employees who had been the subject of comparable complaints of sexual harassment were treated more favorably than the plaintiffs."); Keel v. U.S. Dep't of Air Force, 256 F.Supp.2d 1269, 1286 (M.D.Ala. 2003)("Where an employer has subjected an employee to disciplinary action or terminated the employment of the employee for misconduct, the employee may show that the employer's proffered reason is *174 pretextual by setting forth evidence that other employees, not within the plaintiff's protected class, who engaged in similar acts were not similarly treated."), affirmed, 99 Fed.Appx. 880 (11th Cir.2004). Simply put, she sought to prove that she was fired although male employees who had committed equivalent misconduct were not. We hold that the record does not contain such evidence, or anything close to it.[2]
Specifically, although there was some testimony concerning disciplinary action taken by the Department of varying kinds for alleged sexual misconduct of varying degrees against male employees who held varying positions, none of the supposed comparators:[3] (1) were similarly-situated,[4] (2) had engaged in comparable misconduct,[5] and (3) were not dismissed by the Department.[6] Indeed, in most instances, the evidence as to Garcia's co-workers failed to support her disparate treatment claim in any, let alone, as required, all of these respects.[7] See Gray, 681 So.2d at 312-14 (none of the evidence as to comparable incidents of discipline showed that discharge was pretextual); Morris, 402 F.3d at 1082 (plaintiff failed to identify co-worker who received similar complaints and was not terminated); Noble v. Brinker Int'l, Inc., 391 F.3d 715, 729 (6th Cir.2004) (plaintiff failed to "identify a similarly situated employee outside the protected class who was treated more favorably [and proposed comparators] differ from him in significant ways"), petition for cert. filed, 73 U.S.L.W. 3720 (U.S. June 2, 2005)(No. 04-16); Maynard v. Bd. of Regents, 342 F.3d 1281, 1289-90 (11th Cir.2003)(plaintiff who was subject to several complaints over an extended period of time was not similarly situated to comparator whose problems were limited to a discrete period); Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1318-19 (11th Cir.2003)(comparator was not similarly situated as plaintiff's problems were worse in "both number and nature"); Patches v. City of Phoenix, 68 Fed.Appx. 772, 773-74 (9th Cir.2003)(comparators were not similar in all relevant respects as most misconduct did not involve "workplace disruption" and some male employees received comparable discipline); Rojas, 285 F.3d at 1344 (plaintiff did not show pretext as she "can point to no manin a similar position and with a similar employment historywho was treated better than she was"); Silvera, 244 F.3d at 1253 (comparators not similarly situated where plaintiff had multiple arrests *175 and his arrests were for violent conduct); Rice-Lamar v. City of Ft. Lauderdale, 232 F.3d 836, 843 (11th Cir.2000)(plaintiff "failed to present any evidence that other insubordinate employees were treated more favorably"), cert. denied, 534 U.S. 815, 122 S.Ct. 42, 151 L.Ed.2d 14 (2001); Maniccia v. Brown, 171 F.3d 1364 (11th Cir.1999)(comparators not similarly situated as their misconduct differed in quantity and quality); Sheppard v. Sears, Roebuck & Co., 391 F.Supp.2d 1168 (S.D.Fla.2005) (order granting summary judgment) (comparators not similarly situated as they were not involved in same number of accidents and complaints); Moreland v. Miami-Dade County, 255 F.Supp.2d 1304, 1312 (S.D.Fla.2002)("burden is on the plaintiff to show the similarity between his or her conduct and that of other employees who were treated differently, and not on the defendant to disprove their similarity"); Wyant v. Burlington N. Santa Fe R.R., 210 F.Supp.2d 1263, 1284-86, 1288-89 (N.D.Ala.2002)(comparators not similarly situated "due to clear difference in the quality and quantity of the evidence"); Hassler v. Raytheon Tech. Servs. Co., 2000 WL 33309587 (S.D. Ind., Case no. 1P 99-0447-C M/S, opinion filed, Feb. 23, 2000)(unreported)(comparators not similarly situated where they were involved in single instances of relatively minor conduct).
Thus, there is no evidence supporting the administrative law judge's factual findings. See Dep't of Bus. & Prof'l Reg. v. Balaguer, 729 So.2d 536 (Fla. 1st DCA 1999); Fla. State Univ. v. Sondel, 685 So.2d 923 (Fla. 1st DCA 1996); cf. Gray, 681 So.2d at 311-12 ("hearing officer's finding that there was no discriminatory intent in the discharge of [employees] is supported by competent, substantial evidence, and was not based on erroneous applications of the law"). To the contrary, there is no doubt that Garcia was not unjustly discharged because of her gender, but was justly discharged for her misconduct. The order under review is therefore reversed with directions to dismiss the proceeding.[8]
Reversed.
NOTES
[1] There was extensive evidence that she had engaged in objectionable behavior toward two female Department employees including offensive sexual conduct toward a co-worker and making unwelcome sexual advances upon a subordinate accompanied by threats of adverse employment consequences if she did not comply.
[2] Because the evidence is woefully insufficient under any standard, we need not directly decide whether the observation often made in discriminatory promotion and hiring cases that the "disparity in qualifications [must be] `so apparent as virtually to jump off the page and slap you in the face,'" Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir.2004)(quoting Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268 (11th Cir.2001)), petition for cert. filed, No. 05-88 (U.S. July 14, 2005), applies to a discharge case such as this one.
[3] Glover, Davis, Lewis, and Fox.
[4] There was no evidence whether Lewis was similarly situated as to his employment title, the complainant's position, or the charged misconduct.
[5] The evidence does not show that Fox was the complainant's supervisor or that he had engaged in comparably egregious misconduct. The absence of evidence concerning the incidents that led to Davis's counseling also precludes a finding that Davis was engaged in comparable conduct.
[6] Both Glover and Davis were terminated either by dismissal or resignation. Garcia herself was dismissed after she declined to resign to avoid dismissal.
[7] Glover and Davis were not treated more favorably than Garcia because they suffered the same penalty. Lewis was not shown to have been treated more favorably because there is no evidence as to the circumstances of his case.
[8] Our disposition of the case makes it unnecessary to consider two interesting points also raised by the appellant: (a) whether the Commission was correct in refusing to deduct unemployment compensation benefits from the damage award, see Brown v. A.J. Gerrard Mfg. Co., 715 F.2d 1549 (11th Cir.1983)(en banc); and (b) whether a different, more expansive measure of damages applies merely because the case was pursued administratively, rather than in a civil action. § 760.11(5)(6), Fla. Stat. (2004); see Maggio v. Fla. Dep't of Labor and Employment Sec., 899 So.2d 1074, 1080 (Fla.2005). It may well be that the Legislature may want to clarify its intent on this point.