981 So.2d 654 (2008)
SONCOAST COMMUNITY CHURCH OF BOCA RATON, INC., Appellant,
v.
TRAVIS BOATING CENTER OF FLORIDA, INC., Appellee.
No. 4D07-2584.
District Court of Appeal of Florida, Fourth District.
May 21, 2008.
Peter A. Miller & Associates, P.A., Miami, and Robert S. Glazier of Law Office of Robert S. Glazier, Miami, for appellant.
William R. Boeringer and Leigh McMillan Minoux of Hayden Milliken Boeringer & Irick, P.A., Miami, for appellee.
*655 POLEN, J.
Appellant, Soncoast Community Church of Boca Raton, appeals the trial court's summary judgment in favor of Appellee Travis Boating Center. The trial court found that Soncoast could not seek contribution for a personal injury settlement from Travis as Travis was not included in the general release signed as part of the settlement. The trial court found that Travis was not included in the definition of "Defendants" in the release. We disagree with the trial court's grant of summary judgment and reverse.
The standard of review of the entry of summary judgment is de novo. The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.
Craven v. TRG-Boynton Beach, Ltd., 925 So.2d 476, 479-80 (Fla. 4th DCA 2006) (internal citations omitted).
The general release between Soncoast and the plaintiffs listed specific individuals and entities and also gave a general definition including: "Any and all other persons, firms, corporations and legal entities of any type whatsoever." At the end of the settlement agreement and general release, Paragraph 24, was a "Cooperation with Contribution Claims" clause which stated:
The PLAINTIFFS acknowledge and understand that the DEFENDANTS have filed Third-Party Complaints against Travis Boating Center of Florida, Inc., for contribution. The PLAINTIFFS hereby agree that they will fully cooperate with the DEFENDANTS in the DEFENDANTS' prosecution of said contribution claims against Travis Boating Center of Florida, Inc., and or any other persons, firms or other entities from whom DEFENDANTS may seek contribution.
Travis argued this indicated he was not included in the definition of "Defendants."
In this case, the trial court's ruling was based on the language found in the settlement agreement and general release. In order for Soncoast to litigate a contribution action against Travis, Travis must be covered by the general release. See § 768.31(2)(d), Fla. Stat. The trial court agreed with Travis's argument and found Travis was not included in the general definition of "DEFENDANTS" found in the settlement agreement and general release.
A trial court's interpretation of a contract is reviewable by this court under a de novo standard of review provided the language is clear and unambiguous and free of conflicting inferences. In such case of ambiguity, the existence of the ambiguity is a question of law, and the ambiguity must be resolved as a question of fact.
No. Star Beauty Salon, Inc. v. Artzt, 821 So.2d 356, 358 (Fla. 4th DCA 2002) (internal citations omitted). "[W]hen the terms of a written instrument are disputed and rationally susceptible to more than one construction, an issue of fact is presented which cannot properly be resolved by summary judgment." Chhabra v. Morales, 906 So.2d 1261, 1262 (Fla. 4th DCA 2005) (quoting Segal v. Rhumbline Int'l, Inc., 688 So.2d 397, 398 (Fla. 4th DCA 1997)).
We hold the trial court erred in granting summary judgment as the language in the general release was ambiguous and the parties' intent was a material issue of fact which precluded granting summary judgment. In Hurt v. Leatherby Insurance Co., the Florida Supreme Court determined "that whether a general printed release *656 is effective to discharge other than specifically named tortfeasors is a question of fact." 380 So.2d 432, 434 (Fla.1980). The Court stated: "We feel that the manifestation of intent must be more explicit than signing a printed form which happens to contain broad, general release language in addition to providing spaces for the specifically discharged parties." Id.
In this case, an ambiguity did exist in the release language and summary judgment was precluded by the ambiguity. The release first defined "DEFENDANTS" as "[a]ny and all other persons, firms, corporations and legal entities of any type whatsoever," then stated that the plaintiffs would cooperate with the "DEFENDANTS'" efforts to seek contribution from Travis. While this seems to indicate Travis might not be included in the definition of "DEFENDANTS," it also indicates that the plaintiffs intended to release Travis from liability so Soncoast could pursue its contribution action. This ambiguity raises a question as to the parties' intent.
The trial court erred in granting summary judgment as the release contained broad general release language that required further inquiry into the parties' intent. The very fact that both parties interpreted the general release to mean radically different things is an indication that this matter was not appropriate for summary judgment. "Whether a document is ambiguous depends upon whether it is reasonably susceptible to more than one interpretation." Lambert v. Berkley S. Condo. Ass'n, 680 So.2d 588, 590 (Fla. 4th DCA 1996).
We reverse and remand for further proceedings consistent with this opinion.
WARNER and TAYLOR, JJ., concur.