LAGOA, J.
 

 Gelsa A. Valenzuela appeals the entry of final summary judgment in favor of Globe-Ground North America, LLC (“Globe-Ground”). Because we conclude that Valenzuela failed to establish a prima facie case of gender discrimination and further failed to present evidence that Globe-Ground’s legitimate, non-discriminatory reasons for terminating her employment were pretextual, we affirm the entry of summary judgment in favor of Globe-Ground.
 

 I.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 

 GlobeGround, a provider of aircraft refueling services at Miami International Airport, hired Valenzuela as a commercial aircraft fueler on September 8, 2004. Valenzuela’s job as a fueler involved the fueling of aircraft, and the operation of aircraft refueling equipment such as tanker trucks and hydrant cars. Federal, State and local licensing requirements mandate that employees operating aircraft fueling equipment at an airport possess a commercial driver’s license (“CDL”). Valenzuela did not possess the required CDL. On her employment application, however, Valenzuela lied and stated that she held one.
 

 Valenzuela’s employment was subject to a Collective Bargaining Agreement (“CBA”) between GlobeGround and the Transport Workers Union of America, Local 500, AFL-CIO. Article VIII, section 6 of the CBA provides that a new employee is on probation during the first 120 days of employment, during which time the employee may be terminated for any reason. Termination within the probationary period is not subject to the grievance or arbitration provisions contained in the CBA. It is undisputed that Valenzuela was terminated within her probationary period.
 

 Valenzuela testified that in her introductory training class she was informed that a CDL was required in order to work as a fueler. On December 18, 2004, Globe-Ground advised Valenzuela that she need
 
 *21
 
 ed to obtain a CDL permit by the close of business on Monday, December 20, 2004, or risk termination. Valenzuela went to the license office, but was unable to get an appointment until December 22, 2004. It is undisputed that at no time prior to this date did Valenzuela attempt to obtain a CDL permit during her probationary period. On December 21, 2004, GlobeGround terminated Valenzuela for failure to complete the probationary period. Globe-Ground based its decision on the following: (1) Valenzuela’s inability to fuel the Boeing 737 and MD-80 series aircraft; and (2) Valenzuela’s failure to obtain the required CDL.
 

 Valenzuela filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (“EEOC”). The EEOC found no probable cause, and dismissed the charges.
 

 Following the EEOC’s dismissal, Valenzuela filed a lawsuit against GlobeGround pursuant to the Florida Civil Rights Act of 1992, alleging that GlobeGround engaged in unlawful gender discrimination when it dismissed her for failure to comply with GlobeGround’s requirement that she obtain a CDL. At the conclusion of discovery, GlobeGround moved for final summary judgment, arguing that Valenzuela failed to establish a prima facie case of gender discrimination and that Valenzuela failed to show that GlobeGround’s legitimate, non-discriminatory reasons for terminating her employment were pretextual. The trial court granted final summary judgment in favor of GlobeGround and this appeal followed.
 

 II.
 
 STANDARD OF REVIEW
 

 Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.
 
 Haddad v. Hester,
 
 964 So.2d 707 (Fla. 3d DCA 2007),
 
 review denied,
 
 980 So.2d 489 (Fla.2008). We review the summary judgment under a de novo standard of review.
 
 Bryan v. Dethlefs,
 
 959 So.2d 314 (Fla. 3d DCA 2007); Am.
 
 Eng’g & Dev. Corp. v. Sanchez,
 
 932 So.2d 1241, 1243 (Fla. 3d DCA 2006).
 

 III.
 
 ANALYSIS
 

 The Florida Civil Rights Act of 1992 (“FCRA”) protects employees from gender discrimination in the workplace.
 
 See
 
 §§ 760.01-.il, Fla. Stat. (2005). It provides, in pertinent part: “It is an unlawful employment practice for an employer: To discharge ... or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual’s ... sex.” § 760.10(l)(a), Fla. Stat. (2005).
 

 Because the FCRA is patterned after Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17, we look to federal case law.
 
 See Russell v. KSL Hotel Corp.,
 
 887 So.2d 372, 377 (Fla. 3d DCA 2004);
 
 Green v. Burger King Corp.,
 
 728 So.2d 369, 370-71 (Fla. 3d DCA 1999);
 
 Fla. Dep’t of Cmty. Affairs v. Bryant,
 
 586 So.2d 1205, 1209 (Fla. 1st DCA 1991);
 
 see also Maniccia v. Brown,
 
 171 F.3d 1364, 1368 n. 2 (11th Cir.1999);
 
 Harper v. Blockbuster Enter. Corp.,
 
 139 F.3d 1385, 1387 (11th Cir.1998). It is well-settled law that Florida courts follow the three-part framework set forth in
 
 McDonnell Douglas Corp. v. Green,
 
 411 U.S. 792, 802-804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny,
 
 [1]
 
 for establishing,
 
 *22
 
 by circumstantial evidence, a discrimination claim based on disparate treatment in the workplace.
 
 [2]
 

 See City of Hollywood v. Hogan,
 
 986 So.2d 634, 641-42 (Fla. 4th DCA 2008) (age discrimination);
 
 Dep’t of Children & Family Servs. v. Garcia,
 
 911 So.2d 171 (Fla. 3d DCA 2005) (gender discrimination);
 
 Scholz v. RDV Sports, Inc.,
 
 710 So.2d 618, 624 (Fla. 5th DCA 1998) (racial discrimination).
 

 Under the
 
 McDonnell Douglas
 
 framework, a plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination. If successful, this raises a presumption of discrimination against the defendant.
 
 See Holifield v. Reno,
 
 115 F.3d 1555, 1562 (11th Cir.1997) (“Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination.”).
 

 If a prima facie showing is made, the burden of proof then shifts to the employer to offer a “legitimate, non-discriminatory reason” for the adverse employment action. If the employer meets its burden, the presumption of discrimination disappears and the employee must prove that the employer’s legitimate reasons for dismissal were a pretext for discrimination.
 
 See Reeves v. Sanderson Plumbing Prods., Inc.,
 
 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000);
 
 Morris v. Emory Clinic, Inc.,
 
 402 F.3d 1076, 1081 (11th Cir.2005). The ultimate burden of proving discrimination rests at all times with the plaintiff.
 
 St. Mary’s Honor Ctr. v. Hicks,
 
 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993);
 
 Tex. Dep’t of Cmty. Affairs v. Burdine,
 
 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).
 

 On appeal, Valenzuela contends that she demonstrated a prima facie case of gender discrimination. GlobeGround, however, argues that Valenzuela failed to meet her burden. We agree. In order to establish a prima facie case of disparate treatment based on gender discrimination, a plaintiff must prove that: (1) the employee is a member of a protected class; (2) the employee was qualified for her position; (3) the employee suffered an adverse employment action; and (4) similarly situated employees outside the employee’s protected class were treated more favorably.
 
 See McDonnell Douglas,
 
 411 U.S. at 802, 93 S.Ct. 1817;
 
 Rice-Lamar v. City of Ft. Lauderdale,
 
 232 F.3d 836, 842-43 (11th Cir.2000);
 
 Maniccia,
 
 171 F.3d at 1368. It is undisputed that Valenzuela is a member of a protected class, and that she suffered an adverse employment action. We find, however, that she has not satisfied the fourth element — the “similarly situated” element — necessary to establish a prima facie case of gender discrimination.
 
 [3]
 

 “In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees
 
 *23
 
 are involved in or accused of the same or similar conduct and are disciplined in different ways.”
 
 Holifield,
 
 115 F.3d at 1562 (quoting
 
 Maniccia,
 
 171 F.3d at 1368). The employee must show that she and the employees outside her protected class are similarly situated “in all relevant respects.”
 
 Knight v. Baptist Hosp. of Miami, Inc.,
 
 330 F.3d 1313, 1316 (11th Cir.2003) (quoting
 
 Holifield,
 
 115 F.3d at 1562). Thus, “the quantity and quality of the comparator’s misconduct [must] be nearly identical to prevent courts from second-guessing employers’ reasonable decisions and confusing apples with oranges.”
 
 Maniccia,
 
 171 F.3d at 1368.
 

 Similarly situated employees “must have reported to the same supervisor as the plaintiff, must have been subject to the same standards governing performance evaluation and discipline, and must have engaged in conduct similar to the plaintiffs, without such differentiating conduct that would distinguish their conduct or the appropriate discipline for it.”
 
 Gaston v. Home Depot USA, Inc.,
 
 129 F.Supp.2d 1355, 1368 (S.D.Fla.2001) (quoting
 
 Mazzella v. RCA Global Commc’ns, Inc.,
 
 642 F.Supp. 1531, 1547 (S.D.N.Y.1986)),
 
 affirmed,
 
 265 F.3d 1066 (11th Cir.2001) (table). If a plaintiff fails to present sufficient evidence that a non-protected, similarly situated employee was treated more favorably by the employer, the defendant is entitled to summary judgment.
 
 Holifield,
 
 115 F.3d at 1562.
 

 Valenzuela identifies several individuals she believes were afforded more favorable treatment. In particular, Valenzuela points to Javier Vargas, and to twenty-five other male employees who Valenzuela contends were employed for more than three months without a CDL with proper endorsements.
 

 With regard to Javier Vargas, Globe-Ground hired both Vargas and Valenzuela as fuelers at the same time. Neither employee had a CDL, and both received notice that the license was required. Although Vargas received a different form of notice and additional time (fifteen days) to comply, no record basis exists to support Valenzuela’s assertion that the circumstances of Vargas’s license status conduct was comparable to her situation in all relevant respects. Indeed, Valenzuela did not show that Vargas lied on his application or that he had failed to make any progress in an effort to obtain the license permit during the probationary period. In addition, there is no record evidence showing that Vargas received evaluations indicating that he had a problem fueling the aircraft — the other reason GlobeGround gave for terminating Valenzuela. Finally, the record shows that Vargas resigned his position before the end of the probationary period as well as before the end of the fifteen-day period given by GlobeGround.
 
 [4]
 
 As stated in
 
 Maniccia,
 
 171 F.3d at 1368, the comparator’s misconduct must “be nearly identical.” Because Valenzuela cannot establish that Vargas was involved in or accused of the same or nearly identical conduct, Valenzuela has failed to demonstrate that Vargas was similarly situated for purposes of establishing a prima facie case.
 
 Shumway v. United Parcel Serv., Inc.,
 
 118 F.3d 60, 64 (2d Cir.1997);
 
 Garcia,
 
 911 So.2d at 174, 174 n. 6.
 

 With respect to the additional twenty-five male employees Valenzuela claims as valid comparators, the record fails to establish that they were similarly situated and engaged in comparable conduct. Unlike Valenzuela, the record evidence shows that these alleged comparators held at
 
 *24
 
 least a CDL “B” license, and only needed to update their existing license to the “A” classification or obtain the required endorsements to a CDL “A” license. Thus, while some of these employees did not hold the “A” classification, they had been licensed to drive commercial vehicles. Valenzuela, however, did not hold
 
 any
 
 CDL, and further misrepresented on her application that she actually possessed a CDL, when she did not. Significantly, Valenzuela proffered no evidence that GlobeGround failed to terminate any male fueler that, like Valenzuela, possessed no CDL of any type. Moreover, Valenzuela presented no evidence that any male fuelers who failed their probationary period were not terminated.
 
 [5]
 
 Lastly, Valenzuela offered no evidence establishing whether these twenty-five male employees had any reported problems with fueling aircraft. Accordingly, Valenzuela failed to meet her burden that these alleged comparators were similarly situated and had engaged in comparable conduct.
 

 However, assuming arguendo, that Valenzuela had established a prima facie case of gender discrimination, we conclude that GlobeGround proffered a legitimate, non-discriminatory reason for terminating Valenzuela’s employment. “This intermediate burden” to produce a legitimate, non-discriminatory reason “is exceedingly light.”
 
 Holifield,
 
 115 F.3d at 1564. Indeed, it is a burden of production, not persuasion.
 
 Standard v. A.B.E.L. Servs., Inc.,
 
 161 F.3d 1318, 1331 (11th Cir.1998). “ ‘[T]he defendant must clearly set forth, through the introduction of admissible evidence,’ reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action.”
 
 St. Mary’s Honor Ctr.,
 
 509 U.S. at 507, 113 S.Ct. 2742 (quoting
 
 Burdine,
 
 450 U.S. at 255, and n. 8, 101 S.Ct. 1089).
 

 GlobeGround’s written notice of termination to Valenzuela stated that her employment was “terminated for failure to complete the probationary period, pursuant to Section 6 [of Article VIII] of [the] Collective Bargaining Agreement.”
 
 [6]
 
 In support of its employment decision, Globe-Ground advanced two specific reasons for the termination: (1) Valenzuela was unable to “hook up” the Boeing 737 and the MD-80 series aircraft for fueling; and (2) Valenzuela failed to comply with the licensing requirements to operate the aircraft fueling equipment. These are legitimate, nondiscriminatory reasons to terminate an employee. Indeed, the failure to complete the probationary period is a facially legitimate, non-discriminatory reason for termination.
 
 See Bicknell v. City of St. Petersburg,
 
 No. 8:03-CV-1045-T-27, 2006 WL 560167, at *11 (M.D.Fla. Mar. 7, 2006) (failure to complete the probationary period is a facially legitimate, non-discriminatory reason for termination);
 
 Winegard v. W.S. Badcock Corp.,
 
 No. 8:06-cv-1594T17TGW, 2008 WL 1848787, at *7 (M.D.Fla. Apr. 23, 2008) (“A company is not required by law to retain sub-par employees who under-perform their duties.... ”). Accordingly, we conclude that GlobeGround has met its burden of showing a legitimate business reason for Valenzuela’s termination.
 

 
 *25
 
 Because GlobeGround offered a legitimate, non-discriminatory reason for terminating Valenzuela, the presumption of discrimination disappears and, in order to proceed with a claim, Valenzuela must show “by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.”
 
 Reeves,
 
 530 U.S. at 143, 120 S.Ct. 2097 (quoting
 
 Burdine,
 
 450 U.S. at 253, 101 S.Ct. 1089). In other words, the employee at this stage must show that a genuine issue of material fact exists as to whether the reason advanced by the employer is pretextual. Pretext is established “either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer’s proffered explanation is unworthy of credence.”
 
 Burdine,
 
 450 U.S. at 256, 101 S.Ct. 1089. Where an employer offers multiple reasons for the termination, a plaintiff must produce sufficient evidence for a reasonable fact finder to conclude that each reason is pretextual.
 
 Chapman v. AI Transp.,
 
 229 F.3d 1012, 1037 (11th Cir.2000) (en banc).
 

 We find that Valenzuela has failed to raise a genuine issue of material fact as to each of the legitimate reasons proffered by GlobeGround for her termination. “Because the plaintiff bears the burden of establishing pretext [for discrimination], [s]he must present ‘significantly probative’ evidence on the issue to avoid summary judgment.”
 
 Young v. Gen. Foods Corp.,
 
 840 F.2d 825, 829 (11th Cir.1988) (alteration not in original). Indeed, “[t]o show that the employer’s reasons were pretextual, the plaintiff must demonstrate ‘such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer’s proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.’”
 
 Cooper v. Southern Co.,
 
 390 F.3d 695, 725 (11th Cir.2004) (quoting
 
 Combs v. Plantation Patterns,
 
 106 F.3d 1519, 1538 (11th Cir.1997)).
 

 Valenzuela attempts to show that GlobeGround’s reasons for terminating her were pretextual by presenting evidence of similarly situated male employees, who suffered less adverse employment consequences as a result of sufficiently comparable conduct. While Valenzuela does not dispute that she did not have a CDL or that she failed to obtain a CDL permit, she argues that “many, many other, similarly situated” male employees were given preferential treatment in obtaining the proper CDL within a reasonable time. Such con-clusory general assertions, however, do not create factual issues necessary to avoid summary judgment.
 
 See Mayfield v. Patterson Pump Co.,
 
 101 F.3d 1371, 1376 (11th Cir.1996) (In order to avoid summary judgment, “ ‘[c]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered ... extensive evidence of legitimate, non-discriminatory reasons for its actions.’” (quoting
 
 Isenbergh v. Knight-Ridder Newspaper Sales, Inc.,
 
 97 F.3d 436, 444 (11th Cir.1996))). Moreover, Valenzuela testified that when she was hired, the safety and training manager told her that she needed a CDL in order to work as a fueler. Therefore, Valenzuela was aware from the beginning of her employment that this license was required for permanent employment, and as such, Valenzuela cannot show that GlobeGround’s reason for the discharge is not worthy of belief.
 

 Additionally, as to her problems fueling 737s and MD-80s, Valenzuela does not dispute the fueler-trainer’s testimony concerning his evaluations of her unsatisfactory job performance. Instead, Valenzuela submits the affidavit of another trainer who gave her satisfactory evalúa-
 
 *26
 
 tions. Valenzuela further argues that there were other fuelers who were her height or shorter and who also needed a readily available taller ladder to fuel the planes. This argument, however, does not carry Valenzuela’s burden of proof because it ignores the record testimony explaining that Valenzuela’s problems with fueling involved her lack of strength, power or force necessary to connect the fuel hose coupling to the airplane, rather than the mere use of a taller ladder. Furthermore, the fact that a fueler-trainer testified that she had a problem fueling the 737s, but did not testify that she “absolutely could not, under any circumstances, fuel the 737,” does not prove pretext. “A plaintiffs pretext claim will fail where [she] merely questions the wisdom of the employer’s reasons, at least where the reason is one that might motivate a reasonable employer.”
 
 Combs,
 
 106 F.3d at 1543.
 
 See also Cooper,
 
 390 F.3d at 730;
 
 Elrod v. Sears, Roebuck & Co.,
 
 939 F.2d 1466, 1470 (11th Cir.1991). “The inquiry into pretext centers upon the employer’s beliefs, and not the employee’s own perceptions of his performance.”
 
 Holifield,
 
 115 F.3d at 1565. Where the employer produces evidence showing poor performance, “an employee’s assertions of [her] own good performance are insufficient to defeat summary judgment, in the absence of other evidence.”
 
 Id.
 

 Finally, Valenzuela’s attempt to use allegedly similarly situated male employees to show pretext fails as these are the same comparators who were not sufficiently similar to demonstrate a prima facie case.
 
 [7]
 
 In listing the relevant respects in which the male employees are similarly situated, Valenzuela did not present evidence that the employees had the same job performance problems, and that they did not hold a CDL or had lied on their applications. Therefore, these comparators do not create a basis for a finding that the proffered reasons advanced by GlobeGround for terminating Valenzuela are merely a pretext for gender discrimination.
 

 Accordingly, for the foregoing reasons, we affirm the trial court’s order granting final summary judgment as to Globe-Ground.
 

 Affirmed.
 

 [1]
 

 .
 
 See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.,
 
 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000);
 
 St. Mary’s Honor Ctr. v. Hicks,
 
 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993);
 
 U.S. Postal Serv. Bd. of Governors v. Aikens,
 
 460 U.S. 711, 103 S.Ct.
 
 *22
 
 1478, 75 L.Ed.2d 403 (1983);
 
 Tex. Dep’t. of Cmty. Affairs v. Burdine,
 
 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).
 

 [2]
 

 . An employee may prove that the employer engaged in gender discrimination by direct, circumstantial, or statistical evidence.
 
 See Aikens,
 
 460 U.S. at 714 n. 3, 103 S.Ct. 1478;
 
 Silvera v. Orange County Sch. Bd.,
 
 244 F.3d 1253, 1258 (11th Cir.2001);
 
 Standard v. A.B.E.L. Servs., Inc.,
 
 161 F.3d 1318, 1330 (11th Cir.1998);
 
 Earley v. Champion Int'l Corp.,
 
 907 F.2d 1077, 1081 (11th Cir.1990). On appeal, Valenzuela does not argue that either direct or statistical evidence supports her discrimination claim.
 

 [3]
 

 . We do not address the ''qualification” prong, as we conclude that Valenzuela cannot meet the similarly situated element needed to prove her prima facie case of gender discrimination.
 

 [4]
 

 . In addition to Vargas, the record shows that two other male fuelers who began their employment at the same time as Valenzuela also resigned before obtaining a CDL.
 

 [5]
 

 . Indeed, Valenzuela can offer no such evidence because the record evidence establishes the opposite. Two other male fuelers who began their employment with GlobeGround at the saíne time as Valenzuela were terminated for failure to complete the probationary period. Specifically, one fueler failed to obtain an airport identification, and the other failed to attend training.
 

 [6]
 

 . Section 6 provides, in pertinent part, that "[ajn employee on probation may be discharged for any reason....”
 

 [7]
 

 . We note, of course, that Valenzuela may use evidence that similarly situated male employees were treated more favorably to establish both a prima facie case and to establish pretext.
 
 See Morrow v. Wal-Mart Stores, Inc.,
 
 152 F.3d 559, 561 (7th Cir.1998) (“Whether couched in terms of establishing a prima facie case or in terms of demonstrating pretext, the inquiry remains the same: The plaintiff[ ] ... ha[s] the burden of showing that similarly-situated [male] employees — that is, [male] employees who had been the subject of comparable complaints ... — were treated more favorably than the plaintiff[].“);
 
 see also Reeves,
 
 530 U.S. at 143, 120 S.Ct. 2097 (evidence presented in prima facie case may be used to show pretext);
 
 Hicks,
 
 509 U.S. at 506-08, 113 S.Ct. 2742 (same);
 
 Silvera v. Orange County Sch. Bd.,
 
 244 F.3d 1253, 1259 (11th Cir.2001) (considering treatment of similarly situated employees in pretext part of case). In this case, however, the evidence is insufficient to establish either.