[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14375
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:08-cv-61277-WPD


TRIDENT INTERNATIONAL LIMITED,

                                        Plaintiff - Appellant,

                      versus

IMPERIAL MAJESTY CRUISE LINE, LLC,
in personam,
M/V REGAL EMPRESS,
in rem,
CELEBRATION WORLD CRUISES, INC.,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 15, 2011)

Before WILSON and COX, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Trident International Limited ("Trident") appeals the district court's finding that Imperial Majesty Cruise Line, LLC ("Imperial") did not breach its contract with Trident when it obtained misdirected arrow insurance for Trident. Because the Food and Beverage Service Operating Agreement ("F&B Contract") required Imperial to obtain more than misdirected arrow insurance, we find that Imperial breached the F&B Contract, and we reverse and remand for determination of damages.

Trident entered into the F&B Contract with Imperial whereby Trident agreed to provide concessionaire services aboard Imperial's chartered ship and Imperial promised to procure protection and indemnity insurance for Trident. Section 10 of the F&B Contract states:

> Imperial as operator of the vessel shall secure from its insurance carrier Risk Insurance insuring Trident against all liability to its own employees or liability to third persons and all other risks normally covered under the terms and conditions of a standard Protection and Indemnity policy where said risks are applicable to Trident, and to furnish to Trident a certificate evidencing said Protection and Indemnity Insurance to be in full force and effect and making Trident as a co-insured under the coverage.

---

[*]Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

2

Imperial engaged the American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("American Club") to provide the insurance required under the F&B Contract. Imperial's Certificates of Entry—documents showing coverage exclusions—reflect that as an additional assured under the policy, Trident was only covered by misdirected arrow insurance. Specifically, the Certificate of Entry states that the American Club only covers Trident "insofar as they may be found liable to pay in the first instance for loss or damage which is properly the responsibility of [Imperial]."

We review unambiguous contract language *de novo*. *Soncoast Cmty. Church of Boca Raton, Inc. v. Travis Boating Ctr. of Fla., Inc.*, 981 So. 2d 654, 655 (Fla. Dist. Ct. App. 2008). The plain language of the F&B Contract requires Imperial to obtain insurance for Trident to "insur[e] Trident against all liability to its own employees or liability to third persons and all other risks normally covered under the terms and conditions of a standard Protection and Indemnity policy *where said risks are applicable to Trident . . . .*" (emphasis added). Misdirected arrow insurance does not cover Trident's liability to third persons or other risks applicable to Trident because misdirected arrow insurance only covers such risks

3

properly applicable to Imperial.[1]

Because Imperial breached the F&B Contract by providing Trident only misdirected arrow insurance coverage, we reverse the district court and remand for a determination of damages resulting from the breach.

**REVERSED AND REMANDED.**

---

[1]Trident alternatively argues that they are entitled to return of premiums paid because the insurance provided was of no benefit. Although the insurance Trident received did not meet the requirements of the F&B Contract, Trident likely received some benefit from it. We leave this issue for the district court to resolve on remand.