ROTHENBERG, J.
Cynethia L. Johnson (“Johnson”) appeals the trial court’s order granting summary judgment in favor of all three defendants on her Florida Civil Rights Act of 1992 wrongful termination claim. We affirm.
Great Expressions Dental Centers of Florida, P.A. (“GEDC”) hired Johnson as a patient coordinator in one of its dental offices in April 2009. Johnson indisputably had a rocky relationship from the inception of her employment with the primary dentist, Dr. Jessica Papir (“Dr. Pa-pir”), and the record reflects that Johnson also had various disputes with her coworkers and with GEDC’s patients. Johnson was issued two separate formal warnings regarding her conduct, and then was eventually terminated in December 2009 when she allegedly showed up to work late, dressed inappropriately, and with a bad attitude.
Johnson subsequently brought the underlying suit under the Florida Civil Rights Act of 1992, section 760.01 et seq., Florida Statutes (2009) (“FCRA”), claiming that she was terminated due to her race in violation of the FCRA. In support of her wrongful termination claim, Johnson primarily relies on (1) the fact that her supervisor refused to transfer her to another GEDC location after Johnson continued to have problems with Dr. Papir; and (2) her contention that three of the four black employees at that particular GEDC dental office either quit or were fired in 2009, and the fourth quit in 2011. Johnson claims these allegations are circumstantial evidence of racial discrimination upon which a reasonable jury could infer Johnson was fired due to her race.

*1176
ANALYSIS

The FCRA protects employees from racial discrimination in the workplace, and provides, in relevant part: “It is an unlawful employment practice for an employer ... [t]o discharge ... any individual ... because of such individual’s race 760.10(l)(a), Fla. Stat. (2009). Because the FCRA is patterned after Title VII of the federal Civil Rights Act of 1964, as amended, 42. U.S.C. § 2000e et seq., we look to federal case law as well as Florida decisions to interpret the statute. Valenzuela v. GlobeGround N. Am., LLC, 18 So.3d 17, 21 (Fla. 3d DCA 2009); Fla. Dep’t of Cmty. Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991).
A plaintiff can establish a prima facie case for discrimination either by direct evidence, which requires actual proof that the employer acted with a discriminatory motive when making the employment decision in question, Scholz v. RDV Sports, Inc., 710 So.2d 618, 624 (Fla. 5th DCA 1998), or by circumstantial evidence, which typically requires a plaintiff to satisfy the four-prong test established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Here, Johnson’s claim is based solely on circumstantial evidence.
In McDonnell Douglas, the United States Supreme Court held that in order to establish a prima facie case of discrimination based on circumstantial evidence, a plaintiff must show that he or she: (1) belongs to a protected class; (2) was qualified to do the job; (3) was subjected to an adverse employment action; and (4) the employer treated similarly situated employees outside the class more favorably. Id. at 802, 93 S.Ct. 1817. If a plaintiff satisfies all four prongs of the McDonnell Douglas framework, then the burden shifts to the employer to produce evidence of a legitimate, non-discriminatory reason for the termination. Id. at 802-03, 93 S.Ct. 1817. If the employer is able to articulate legitimate reasons for terminating the employee, the burden then shifts back to the plaintiff to show that each of the reasons proffered is a pretext for unlawful discrimination. Id. at 804-05, 93 S.Ct. 1817. Additionally, a plaintiff who is unable to establish a prima facie case cannot survive summary judgment. See, e.g., Valenzuela, 18 So.3d at 22. The parties in this ease agree that the first three elements of the McDonnell Douglas test were satisfied. Thus, the issue on appeal is whether Johnson satisfied the fourth prong by identifying a comparator of another race that was treated more favorably.
Johnson has identified a white GEDC employee who was working at a different location, Ms. Colls (“Colls”), that Johnson contends is sufficiently similar to satisfy the fourth prong of McDonnell Douglas. Johnson claims that Colls is a relevant comparator because Colls and Johnson have the same regional supervisor, and Colls was also given two written warnings, but was not terminated. However, an adequate comparator must be “similarly situated ‘in all relevant respects.’ ” Valenzuela, 18 So.3d at 23 (quoting Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir.2003)). In discussing the rigorous showing required to establish a comparator, this Court has stated:
Similarly situated employees must have reported to the same supervisor as the plaintiff, must have been subject to the same standards governing performance evaluation and discipline, and must have engaged in conduct similar to the plaintiffs, without such differentiating conduct that would distinguish their conduct or the appropriate discipline for it.
*1177 Id. at 22-23 (internal citations and quotations omitted).
We agree with the trial court that Colls is not sufficiently similar, and thus, Johnson failed to satisfy her burden of presenting a prima facie case of racial discrimination. Colls had a different immediate supervisor for all times relevant to this action; the nature of Colls’ offenses was different; the warnings given to Colls were spread out over a longer period of time; and Colls accepted responsibility for her actions.
The record reflects that Johnson was terminated because she was the subject of frequent complaints from both patients and from Johnson’s coworkers regarding her conduct, lack of professionalism, and poor attitude. Johnson does not dispute that these complaints were made and received by GEDC. Johnson was a patient coordinator, and thus, her interaction with patients was of the utmost concern. It was reported that Johnson engaged in a shouting match with a patient which resulted in Johnson having to be restrained by a co-worker; Johnson does not dispute that she left work early the evening prior to her termination even after being told that she must stay until the end of her shift; and Johnson came to work late the following morning with a poor attitude. In general, Johnson’s overall work performance was poor although she was given several previous warnings to change her behavior. Despite these warnings, Johnson continued to behave unprofessionally and blamed her problems on Dr. Papir.
In contrast, Colls was disciplined on a total of three occasions spanning several years — not the relatively short few months of Johnson’s employment — for making clerical and billing procedure errors; Colls acknowledged her performance deficiencies and demonstrated a willingness to improve; no patient complaints have been filed against her; she gets along with her coworkers; and there is no evidence that she has an “attitude problem.” On the other hand, Johnson refused to take any responsibility for her actions and, on the day that she was fired, she came to the office late, with a bad attitude, and allegedly inappropriately dressed. Thus, Colls is insufficient as a comparator, and Johnson failed to satisfy her initial burden of establishing a prima facie case of discrimination under the McDonnell Douglas framework.
Johnson also contends that the four-prong McDonnell Douglas test is not the exclusive means by which a plaintiff can establish a prima facie case for discrimination. Some recent federal court decisions have recognized an alternative means of establishing a prima facie case through circumstantial evidence when there is not a sufficient comparator. For example, in Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir.2011), the Eleventh Circuit, after holding that the plaintiff had not identified a sufficient comparator to satisfy the fourth prong of McDonnell Douglas, stated:
However, establishing the elements of the McDonnell Douglas framework is not, and never was intended to be, the sine qua non for a plaintiff to survive a summary judgment motion in an employment discrimination case. Accordingly, the plaintiffs failure to produce a comparator does not necessarily doom the plaintiffs case.
Rather, the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer’s discriminatory intent. A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer *1178 intentional discrimination by the deci-sionmaker.
(internal citations, quotations, and footnotes omitted). Thus, Johnson argues she can survive summary judgment by presenting a “convincing mosaic” of circumstantial evidence that GEDC terminated her employment based on her race.
Whether the Lockheed-Martin “convincing mosaic” test is a viable alternative to the four-prong McDonnell Douglas test appears to be an unsettled question of federal law. It appears that only the Seventh and Eleventh Circuit Courts of Appeal have adopted this standard. Compare Smith, 644 F.3d at 1328 and Rhodes v. Illinois Dep’t of Transp., 359 F.3d 498, 504 (7th Cir.2004) (both applying the “convincing mosaic” test in an employment discrimination case) with U.S. v. City of New York, 717 F.3d 72, 83-84 (2d Cir.2013); Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir.2013); Haire v. Bd. of Supervisors of Louisiana State Univ. Agric. & Mech. Coll., 719 F.3d 356, 363-64 (5th Cir.2013); Rachells v. Cingular Wireless Employee Servs., LLC, 732 F.3d 652, 661 (6th Cir.2013); Holmes v. Trinity Health, 729 F.3d 817, 821 (8th Cir.2013); Tabor v. Hilti, Inc., 703 F.3d 1206, 1216 (10th Cir.2013); Cruz v. Bristol-Myers Squibb Co., PR, Inc., 699 F.3d 563, 571 (1st Cir.2012); Schechner v. KPIX-TV, 686 F.3d 1018, 1023 (9th Cir.2012); and Weathers v. Univ. of N. Carolina at Chapel Hill, 447 Fed.Appx. 508, 510 (4th Cir.2011) (all utilizing some form of the traditional McDonnell Douglas test as the only circumstantial method of proof in a Title VII claim). Even in the Seventh and Eleventh Circuits, which have applied the “convincing mosaic” test, the test was applied under differing circumstances. Compare Smith, 644 F.3d at 1328 (utilizing the “convincing mosaic” test in an indirect circumstantial evidence employment discrimination case); with Rhodes, 359 F.3d at 504 (7th Cir.2004) (explaining that the “convincing mosaic” test is a method of direct proof of discrimination).
We also note that no Florida court has adopted or even mentioned the “convincing mosaic” standard. See, e.g., City of W. Palm Beach v. McCray, 91 So.3d 165, 171 (Fla. 4th DCA 2012); City of Miami v. Hervis, 65 So.3d 1110, 1117 (Fla. 3d DCA 2011). More importantly, we need not decide whether to adopt the “convincing mosaic” test because Johnson clearly fails under the “convincing mosaic” standard as well as the traditional McDonnell Douglas framework.
The record reflects that only one African American employee other than Johnson was terminated at the location where Johnson worked — the other two left voluntarily — and the record reflects that the turnover rate for employees in Johnson’s position is quite high. Additionally, Johnson was unable to transfer to another GEDC location because the available positions all required a bilingual patient coordinator, and Johnson admittedly does not speak Spanish. Accordingly, Johnson failed to present a prima facie case of racial discrimination and the trial court properly granted GEDC’s motion for summary judgment against Johnson’s FCRA claim for wrongful termination under either standard of proof.
Even if Johnson had been able to establish a prima facie case by either method of proof, the burden would merely have shifted to GEDC to produce a legitimate, non-discriminatory reason for the termination. McDonnell Douglas, 411 U.S. at 802-03, 93 S.Ct. 1817. GEDC has proffered several legitimate reasons for Johnson’s termination, all of which are supported by the record. Patients have complained about Johnson’s service and demeanor; other GEDC employees have *1179 testified that Johnson was difficult to work with and had a bad attitude; and Johnson left early when she was directly told not to, and then came in late the very next workday after she was reprimanded. Any of these actions provided a legitimate and sufficient justification for GEDC to terminate Johnson, and Johnson has produced no evidence that these reasons are pretex-tual. Thus, the trial court properly granted summary judgment.
Affirmed.