ON MOTION FOR REHEARING

PALMER, J.
We deny the motion for rehearing, but withdraw our previously issued opinion and substitute the following opinion in its place.
Michelle Smith timely appeals the trial court’s order entering summary judgment in favor of Brevard Optometry Associates (BOA). Because there are disputed issues of material fact existing in the record, we reverse.
Smith filed an employment discrimination lawsuit against BOA pursuant to the Florida Civil Rights Act of 1992 (FCRA), sections 760.01-11, Florida Statutes *762 (2009). She alleged that BOA fired her because it no longer wanted to accommodate her requests for time off following certain medical treatments, and that such firing violated the prohibition against disability discrimination under the FCRA. BOA answered by denying liability, and later filed a motion for summary judgment.
At the summary judgment hearing, Smith produced evidence of her disability and that BOA fired her on the same day that she took time off following a medical treatment. BOA conceded that Smith established a prima facie case of discrimination, but argued that establishing a prima facie case is only the first step in the three-step burden shifting analysis under the McDonnell Douglas framework.[1] BOA produced documentary evidence establishing that it received reports that Smith violated two BOA employment policies and that it fired Smith as a result of those violations. First, Smith allegedly discussed her salary raise with another employee. Second, Smith allegedly took a long lunch break and failed to clock out. Since it provided allegedly nondiserimina-tory reasons for firing Smith, BOA argued that Smith was under the obligation to proffer evidence showing that these nondiscriminatory reasons were pretextual. Smith produced documentary evidence, denying that she violated BOA’s employment policies and establishing that other employees allegedly violated similar policies and were not fired.
The trial court entered summary judgment in favor of BOA, finding that Smith was fired because of the violations alleged. The court stated:
I have not been presented with one shred of evidence that [her medical needs] went into their decision making process, and what was presented to them by Jimenez was later confirmed by depositions and affidavits ... It wasn’t pretextual as presented to the doctors. I think the real reason they fired [Smith] was because of the two violations that were presented ....
This appeal timely followed.
An appellate court reviews the entry of summary judgment de novo, drawing all inferences in favor of the nonmoving party. Major League Baseball v. Morsani, 790 So.2d 1071 (Fla.2001); Horizons Rehab., Inc. v. Health Care & Ret. Corp., 810 So.2d 958, 962 (Fla. 5th DCA 2002). A reviewing court must determine whether there is any genuine issue of material fact. Futch v. Wal-Mart Stores, Inc., 988 So.2d 687, 690 (Fla. 1st DCA 2008).
Because Smith provided evidence in the record denying that she discussed her salary raise with another employee or that she took a long lunch break and failed to clock out and indicating that other employees, similarly situated, were treated differently under the same facts, there are *763 genuine issues of material fact with regard to these issues. Accordingly, summary judgment should not have been entered.
REVERSED and REMANDED.
TORPY, C.J., and ORFINGER, J„ concur.

. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). FCRA follows federal law, which prohibits disability discrimination through the Americans with Disabilities Act ("ADA”). See 42 U.S.C. § 12111; St. Johns Cnty. Sch. Dist. v. O’Brien, 973 So.2d 535, 540 (Fla. 5th DCA 2007). Under the ADA and the FCRA, the plaintiff must first establish a prima facie case of discrimination. Second, the employer must respond with a legitimate, nondiscriminatory reason for its decision. Third, if the employer produces a legitimate, nondiscriminatory reason, then the burden shifts back to the plaintiff to show, by a preponderance of the evidence, that the proffered reasons for the employment action were merely a pretext for unlawful discrimination. Id.; see also Tex. Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1331 (11th Cir.1998); Valenzuela v. GlobeGround N. Am., LLC, 18 So.3d 17 (Fla. 3d DCA 2009).