FERNANDEZ, J.
Lily Alvarez-Mejia appeals from the trial court’s summary judgment order in favor of appellees Bellissimo Properties, LLC and Vista Goebel, LLC. We reverse the summary judgment because the trial eourt incorrectly found that there is no genuine issue of material fact as to the value of the property after repair and the cost of repair. The court also improperly weighed evidence and determined credibility when it granted the motion.
On November 2, 2006, EquityLink, Inc. loaned Alvarez $120,000 to purchase residential property. That same day, Alvarez-Mejia executed a mortgage and note granting EquityLink a security interest in the property. On December 8, 2006, Equi- *798 tyLink assigned the mortgage to Bellissi-mo for $62,667 and to Bonita Properties, LLC for $57,333. Bonita then assigned all of its interest in the mortgage to Vista Goebel, LLC.
On December 22, 2011, a fire damaged the property, and Alvarez-Mejia filed a claim for her losses with the homeowner’s insurance carrier, Capitol Preferred Insurance Company, Inc. Capitol issued Alvarez-Mejia two checks totaling $94,162.52: one in the amount of $54,976.43, and the other in the amount of $39,186.09. The payees on both checks included Alvarez-Mejia, Marin, Eljaiek & Lopez, P.L. (the law firm that represents Alvarez-Mejia), Bellissimo, and Bonita.
• Bellissimo withheld the insurance proceeds pursuant to sections 5 and 11 of the mortgage, which provides that during the repair and restoration period, Bonita and Bellissimo “shall have the right to hold the insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender’s satisfaction.... ” Moreover, section 5 of the mortgage titled “Property Insurance” provides that:
Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender’s security is not lessened.... If the restoration or repair is not economically feasible or Lender’s security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.
Bellissimo maintained that it was not economically feasible to repair the property based on an appraisal of the exterior of the home, which set the home’s value at $90,000, and a repair estimate from a licensed contractor for $98,717. Alvarez-Mejia relied on this repair estimate to obtain the $94,162.52 in insurance proceeds. Alvarez-Mejia later provided Bellissimo with a revised estimate for $53,117.
On August 15, 2013, Alvarez-Mejia filed a complaint against Bellissimo and alleged that she was unable to repair the property because Bellissimo failed to distribute the insurance proceeds. In response, Bellissi-mo filed a motion to dismiss, and Alvarez-Mejia subsequently amended her complaint. On November 11, 2014, Bellissimo filed a motion for summary judgment on all counts in the Amended Complaint, including: (1) Breach of Contract, (2) Breach of Implied Covenant of Good Faith and Fair Dealing, (3) Declaratory Judgment, and (4) Unjust Enrichment. Alvarez-Mejia filed a response in opposition to the motion for summary judgment along with two supplemental affidavits. The trial court granted summary judgment in favor of Bellissimo, and found that it was not economically feasible to repair the property because the cost to repair was greater than the value of the property. Alvarez-Mejia then filed a motion for reconsideration and rehearing. The trial court denied the motion.
The standard of review for summary judgment is de novo. Tropical Glass & Const. Co. v. Gitlin, 13 So.3d 156, 158 (Fla. 3d DCA 2009). Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000). It is the movant’s burden to establish that there is no genuine issue of material fact. Calarese v. Weissfisch, 87 So.3d 1225 (Fla. 3d DCA 2012). On review of a summary judgment, this Court must “consider the evidence *799 contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party ... and if the slightest doubt exists, the summary judgment must be reversed.” Daneri v. BCRE Brickell, LLC, 79 So.3d 91, 93-94 (Fla. 3d DCA 2012).
We agree with Alvarez-Mejia that the trial court erred when it granted final summary judgment in favor of Bellissimo, as a genuine issue of material fact exists with respect to the value of the property after repairs. Bellissimo argued that it was not economically feasible to repair the property with the insurance proceeds because the initial estimate of $98,717 was greater than the exterior appraisal of the home, valued at $90,000. However, Alvarez-Mejia’s affidavit provides that it is economically feasible to repair the property because the value of the property with repairs will be significantly greater than the outstanding balance of the mortgage. The term “economically feasible” is undefined in the mortgage and is subject to different interpretations. In the instant case, summary judgment is precluded because Bellissimo did not provide an estimate of the value of the property after repairs, and therefore did not meet its burden of proof that no genuine issue of material fact exists.
Moreover, a genuine issue of material fact exists as to the cost of repairs to the property. In the motion for summary judgment, the parties relied on two different repair estimates to support their contention. Bellissimo relied on the initial estimate that Alvarez-Mejia signed and relied upon to obtain the insurance proceeds, while Alvarez-Mejia relied on the revised estimate that was significantly less than the insurance proceeds. Despite a conflict of material evidence, the trial court granted summary judgment in favor of Bellissi-mo.
It is clear that the trial court placed substantial weight on the initial estimate on the motion for summary judgment and disregarded the revised estimate. However, on a motion for summary judgment, the trial court must not weigh material conflicting evidence or pass upon the credibility of the witness. Hernandez v. United Auto. Ins. Co., 730 So.2d 344, 345 (Fla. 3d DCA 1999). See Jones v. Stoutenburgh, 91 So.2d 299, 302 (Fla. 1956) (holding that the trial court should not weigh evidence on the motion for summary judgment and should construe any evidence in controversy in favor of the non-movant). Only a trier of fact may weigh evidence and determine credibility — the court was without authority to weigh the evidentiary value of the conflicting estimates.
Accordingly, we reverse the order of summary judgment and remand the case for further proceedings consistent with this opinion.
Reversed and remanded.
LAGOA, J., concurs.