IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THOMAS LIN,

      Appellant,

 v.                                Case No.  5D15-4271

JERRY L. DEMINGS, IN HIS OFFICIAL CAPACITY
AS SHERIFF OF ORANGE COUNTY, FLORIDA,

      Appellee.

_____/

Opinion filed April 28, 2017

Appeal from the Circuit Court
for Orange County,
Margaret H. Schreiber, Judge.

Daniel A. Perez, of Hogan & Hogan, P.A.,
Orlando, for Appellant.

Marc A. Sugerman and Mark E. Levitt, of
Allen, Norton & Blue, PA, Winter Park, for
Appellee.

PER CURIAM.

      Deputy Thomas Lin appeals the trial court's grant of summary judgment in favor of

Sheriff Jerry L. Demings in this age discrimination case filed under the Florida Civil Rights

Act ("FCRA").[1]  Lin joined the Orange County Sheriff's Department in 1988 and was

---

[1] § 760.10(1)(a), Fla. Stat. (2009).

assigned to the marine unit in 1993. In 2009, Lin turned fifty years old. Lin complained that the Sheriff subjected him to several adverse employment actions because of his age including, among other things, a ten-hour suspension without pay and a transfer out of the marine unit back to road patrol duties. Because disputed issues of material fact exist on the issue of pretext, we reverse.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., 928 So. 2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Fla. R. Civ. P. 1.510(c)); accord Koresko v. Coe, 683 So. 2d 602, 603 (Fla. 2d DCA 1996) (quoting Snyder v. Cheezem Dev. Corp., 373 So. 2d 719, 720 (Fla. 2d DCA 1979)). In analyzing a motion for summary judgment, the trial court and the appellate court are not permitted to weigh the evidence nor may they determine the credibility of the witnesses. Jones v. Stoutenburgh, 91 So. 2d 299, 302 (Fla. 1956) (citing Yost v. Miami Transit Co., 66 So. 2d 214 (Fla. 1953)); Alvarez-Mejia v. Bellissimo Props., LLC, 208 So. 3d 797, 799 (Fla. 3d DCA 2016) (citing Hernandez v. United Auto. Ins. Co., 730 So. 2d 344, 345 (Fla. 3d DCA 1999)).

The burden is on the movant to demonstrate the absence of genuine issues of material fact. See Holl v. Talcott, 191 So. 2d 40, 43-44 (Fla. 1966); Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1116-17 (Fla. 2d DCA 2011) (citing Estate of Githens, 928 So. 2d at 1274). "[I]f the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment

2

must be denied." Taylor, 74 So. 3d at 1117 (quoting Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So. 2d 1138, 1140 (Fla. 2d DCA 2000)); accord Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000) (citing Hancock v. Dep't of Corr., 585 So. 2d 1068 (Fla. 1st DCA 1991)).

In age discrimination cases under the FCRA, the employee must establish a prima facie case for age discrimination before the burden of production, but not the burden of persuasion, will shift to the employer to produce a legitimate nondiscriminatory reason for the adverse employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Valenzuela v. GlobeGround N. Am., LLC, 18 So. 3d 17, 21 (Fla. 3d DCA 2009).[2] The existence of a prima facie case creates a rebuttable presumption of unlawful discrimination. McDonnell Douglas Corp., 411 U.S. at 802-03; Valenzuela, 18 So. 3d at 22. After the employer produces a legitimate non-discriminatory reason for the adverse employment action, the rebuttable presumption of discrimination ceases to exist, and the employee must demonstrate that the reasons offered by the employer were pretextual. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 258 (1981); Valenzuela, 18 So. 3d at 22 (citing Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 152 (2000)). The employee must show that the reasons given by the employer are false and that age discrimination was the real reason for the adverse employment action. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 516 (1993), overruled on other grounds by Gross v. FBL Fin.

---

[2] Because the FCRA was derived from federal statutes, federal case law is applicable to cases brought under the FCRA. See Sunbeam Television Corp. v. Mitzel, 83 So. 3d 865, 867 n.3 (Fla. 3d DCA 2012); Valenzuela, 18 So. 3d at 21.

3

Servs., Inc., 557 U.S. 167, 169-70 (2009); Burdine, 450 U.S. at 258; Valenzuela, 18 So. 3d at 25.

Although the Sheriff presented evidence suggesting that Lin's ten-hour suspension without pay and transfer out of the marine unit were the result of legitimate, nondiscriminatory reasons, and, thus, not pretextual, Lin presented conflicting evidence that was susceptible to a reasonable inference that the Sheriff's reasons for instituting the adverse employment action against him were, in fact, pretextual.[3] As such, it was error to enter summary judgment in this case. See Feizi v. Dep't of Mgmt. Servs., 988 So. 2d 1192, 1193 (Fla. 1st DCA 2008).

Accordingly, we reverse the order granting summary judgment and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

BERGER and EDWARDS, JJ., and JACOBUS, B.W., Senior Judge, concur.

---

[3] We also note that the trial court improperly weighed the evidence during certain points of its analysis, including when it dismissed as "too tenuous" Lin's allegations that his replacement in the marine unit was in turn replaced by a substantially younger deputy. Furthermore, the trial court's use of the stray comment doctrine to label and disregard statements that Lin alleged evidenced discriminatory intent constituted weighing the evidence and was inappropriate at the summary judgment stage. See Reeves, 530 U.S. at 152; Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 115-16 (2d Cir. 2007), abrogated on other grounds by, Gross, 557 U.S. at 176-78; Usher v. Nipro Diabetes Sys., Inc., 184 So. 3d 1260 (Fla. 4th DCA 2016).

4