DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELLIOT YARO,**
Appellant,

v.

**SCOTT J. ISRAEL,** in his official capacity as
Sheriff of Broward County,
Appellee.

No. 4D17-928

[February 14, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE15-001267 (08).

G. Ware Cornell, Jr. of Cornell & Associates, P.A., Weston, for appellant.

Carmen Rodriguez of the Law Offices of Carmen Rodriguez, P.A., Palmetto Bay, for appellee.

WARNER, J.

Appellant sued the Broward County Sheriff for disability and age discrimination after he was demoted from his position as a child protective investigator with the Sheriff's office. The trial court granted summary judgment in favor of the sheriff on both claims. While we agree that summary judgment on appellant's disability discrimination claim was correct based upon the deposition testimony of appellant which contradicted the allegations of his complaint, we reverse the summary judgment on appellant's age discrimination claim.

We review a trial court's grant of summary judgment de novo. *Soncoast Cmty. Church of Boca Raton, Inc. v. Travis Boating Ctr. of Fla., Inc.*, 981 So. 2d 654, 655 (Fla. 4th DCA 2008).

> [A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. A

> summary judgment should not be granted unless the facts are so crystalized that nothing remains but questions of law.

*Id.* (quoting *Craven v. TRG-Boynton Beach, Ltd.*, 925 So. 2d 476, 479-80 (Fla. 4th DCA 2006)). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

For a case of age discrimination, the plaintiff must first make a showing of discriminatory treatment. He or she does that by proving: 1) the plaintiff is a member of a protected class, i.e., at least forty years of age; 2) the plaintiff is otherwise qualified for the position; 3) the plaintiff was discharged (or demoted) from the position; and 4) the position was filled by a person who was substantially younger than the plaintiff. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000); *City of Hollywood v. Hogan*, 986 So. 2d 634, 641 (Fla. 4th DCA 2008). This may also be accomplished by showing direct evidence of discrimination such as a discriminatory statement by the decision-maker. *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir.1999).

Once a plaintiff establishes a prima facie case, there is a rebuttable presumption of unlawful discrimination. *Lin v. Demings*, 219 So. 3d 124, 125 (Fla. 5th DCA 2017). The burden of production then shifts "to the employer to produce a legitimate nondiscriminatory reason for the adverse employment action." *Id.* If the employer does so, then to survive summary judgment the employee must demonstrate that there is a genuine issue of material fact that the employer's nondiscriminatory reasons were pretextual. *Id.* In short, the plaintiff must present evidence that the employer's nondiscriminatory "reasons articulated were false **and** that the discrimination was the real reason for the defendant's actions." *See City of Miami v. Hervis*, 65 So. 3d 1110, 1117 (Fla. 3d DCA 2011) (emphasis in original). "[I]f the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied." *Lin*, 219 So. 3d at 125.

In this case, appellant's complaint alleged the necessary elements of age discrimination. He was sixty-two years old and qualified for his position; the BSO discharged him; and younger persons were hired to fill his position. A rebuttable presumption of age discrimination arose. BSO then proffered a legitimate nondiscriminatory reason for his discharge. BSO first pointed to his unfitness for the job based upon doctor's examinations. However, BSO required him to attend four different examinations before one doctor concluded he was unfit as a precautionary

measure, from which it could be inferred that BSO was searching for a reason to let him go. In this litigation, BSO relied on poor work performance as a reason for their action, although this was never raised at the time of his demotion. Even assuming these were legitimate non-discriminatory reasons for his discharge, appellant offered evidence that they were pretextual. He testified that a BSO Major told him that BSO had to demote him to use his salary to pay new child protective investigators. Appellant also testified that other older employees' positions were filled by a new, younger group of investigators.

Because this evidence raised at least a slight doubt as to the reason for appellant's demotion, the court erred in granting summary judgment on the age discrimination claim. *See Lin*, 219 So. 3d at 125. We, therefore, affirm the dismissal of the disability discrimination claim, but reverse summary judgment on the age discrimination claim.

*Affirmed in part; reversed in part and remanded for further proceedings.*

TAYLOR and DAMOORGIAN, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**