**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2379

ANDREA C. WEATHERS,

Plaintiff – Appellant,

v.

UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; HERBERT B.
PETERSON, in his individual and official capacity; JONATHAN
KOTCH, in his individual and official capacity; BARBARA K.
RIMER, in her individual and official capacity; EDWARD M.
FOSTER, in his individual and official capacity; SANDRA L.
MARTIN, in her individual and official capacity,

Defendants – Appellees.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. William L. Osteen,
Jr., District Judge. (1:08-cv-00847-WO-PTS)

Submitted: August 31, 2011      Decided: September 29, 2011

Before MOTZ, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory S. Connor, WALKER LAMBE RHUDY COSTLEY & GILL, PLLC,
Durham, North Carolina, for Appellant. Thomas J. Ziko,
Assistant Attorney General, Raleigh, North Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrea C. Weathers appeals the district court's opinion and order granting summary judgment for the University of North Carolina at Chapel Hill, Herbert B. Peterson, Jonathan Kotch, Barbara K. Rimer, Edward M. Foster, and Sandra L. Martin in Weathers's employment discrimination action. On appeal, Weathers contends that she established a prima facie case that the Defendants denied her promotion and tenure on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2011) ("Title VII"), and 42 U.S.C. §§ 1981 and 1983 (2006). Finding no error, we affirm.

We review de novo a district court's grant of summary judgment, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party sufficiently supports its motion for summary judgment, the nonmoving party must demonstrate "that there are genuine issues of material fact." Emmett, 532 F.3d at 297.

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ." 42 U.S.C.A. § 2000e-2(a)(1). Where, as here, there is no direct evidence of discrimination, "a plaintiff may proceed under the McDonnell Douglas[*] 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005) (internal quotation marks and brackets omitted). It is well established that, even under the McDonnell Douglas burden-shifting scheme, the ultimate burden of persuasion remains on the plaintiff at all times. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

In order for Weathers to establish a prima facie case that she was denied promotion and tenure because of her race, she must present evidence that she: (1) is a member of a protected class; (2) applied for promotion and tenure; (3) was qualified for the position of associate professor with tenure; and (4) "was rejected for the position in favor of someone not a

_____

   *  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

member of the protected group under circumstances giving rise to an inference of unlawful discrimination." Alvarado v. Bd. of Trs., 928 F.2d 118, 121 (4th Cir. 1991); see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 n.1 (1993) (applying McDonnell Douglas framework to § 1983 employment discrimination claims); Gairola v. Va. Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985) (noting that McDonnell Douglas framework applies to § 1981 and § 1983 employment discrimination claims). While there is no dispute that Weathers is a member of a protected class, our review of the record leads us to conclude that Weathers failed to establish the remaining elements of a prima facie case that Defendants denied her promotion and tenure on the basis of her race.

We first note that Weathers failed to submit an application for promotion and tenure by the required deadline. Weathers attempts to excuse that failure by arguing that submission of the promotion package would have been a futile gesture. See Pinchback v. Armistead Homes Corp., 907 F.2d 1447, 1451 (4th Cir. 1990) ("[T]he failure to apply for a job does not preclude recovery if a claimant can demonstrate that [s]he would have applied but for accurate knowledge of an employer's discrimination and that [s]he would have been discriminatorily rejected had [s]he actually applied."). However, Weathers failed to provide any evidence, beyond her own assertions,

4

showing that her application would have been rejected for discriminatory reasons.

Nonetheless, even assuming that Weathers had timely applied for promotion and tenure or that doing so would have been futile for discriminatory reasons, she failed to demonstrate that she possessed the necessary qualifications for promotion and tenure despite receiving assistance from several faculty members. Finally, Weathers failed to identify a faculty member outside her protected class who had attained promotion and tenure with an academic record similar to hers. We therefore conclude that Weathers failed to establish a prima facie case of discrimination.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED