Andrea C. WEATHERS, Plaintiff,

v.

The UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; Herbert B. Peterson; Barbara K. Rimer; Jonathan Kotch; Sandra L. Martin; Thomas J. Ziko; and Gregory Connor, Defendants.

1:17CV251

United States District Court, M.D. North Carolina.

Signed June 29, 2017

Andrea C. Weathers, Morrisville, NC, pro se.

Matthew Tulchin, North Carolina Department of Justice, Craig Daniel Schauer, Gary S. Parsons, Craig D. Schauer, Brooks Pierce McLendon Humphrey & Leonard, LLP, Raleigh, NC, for Defendants.

## ORDER

Thomas D. Schroeder, United States District Judge

The case came before the court this date for hearing on the motion of all Defendants except Gregory Connor to dismiss the complaint (Doc. 31) and the motion of Defendant Connor for judgment on the pleadings (Doc. 50). Plaintiff Andrea C. Weathers appeared *pro se*, and all Defendants were represented by counsel. The purpose of this Order is to memorialize the court's oral rulings.

This case returns to this court for the fourth time. As before, Weathers brings claims alleging employment discrimination arising from the decision of the University of North Carolina at Chapel Hill and its agents (the "State Defendants") to deny her faculty reappointment and tenure. See Weathers v. Univ. of N.C. at Chapel Hill (Weathers I), No. 1:08CV847, 2010 WL 4791809 (M.D.N.C. Nov. 18, 2010), aff'd, 447 Fed.Appx. 508 (4th Cir. 2011); Weathers v. Univ. of N.C. at Chapel Hill (Weathers II), No. 1:12CV1059, 2013 WL 5462300 (M.D.N.C. Sept. 30, 2013), aff'd, 578 Fed. Appx. 300 (4th Cir. 2014); Weathers v. Ziko (Weathers III), 113 F.Supp.3d 830 (M.D.N.C. 2015), aff'd, 648 Fed.Appx. 350 (4th Cir. 2016). The operative facts are set out more fully in the case's third iteration. See Weathers III, 113 F.Supp.3d at 831–32.

Weathers filed her current complaint in State court, and Defendants removed it to this court on the basis of federal question. (Doc. 1.) Her complaint invokes several federal statutes and constitutional provisions, all of which are redundant of the claims brought in her first three cases. (Doc. 1–1 at 20–24.) All of Weathers's federal claims have previously been dismissed with prejudice. The current complaint also contains several State-law claims, some related to the employment dispute (id. at 20–27) and others relating to Weathers's

charge that the attorney who represented her in Weathers I and Weathers II, Connor, and the attorney who represented the State in those actions, Defendant Thomas Ziko, engaged in fraud and business discrimination (id. at 28–30). Her claims against the two attorneys were raised in Weathers III. Having previously dismissed her federal claims, the court in Weathers III declined to exercise supplemental jurisdiction over the State claims. Those claims were therefore dismissed without prejudice. 113 F.Supp.3d at 833.

The State Defendants moved to dismiss all of Weathers's claims on several grounds, including res judicata, state sovereign immunity, statutes of limitations, and failure to state a claim on which relief can be granted. (Doc. 31; Doc. 32.) Defendant Connor's motion for judgment on the pleadings asks the court to dismiss Weathers's federal claims on res judicata grounds and to remand her State-law claims. (Doc. 50; Doc. 51.) Weathers has filed a brief in response to Connor's motion in which she contends that her complaint does not assert federal claims. (Doc. 54.) At the hearing held this date, Weathers affirmed that she does not wish to pursue any federal claims.

Notwithstanding Plaintiff's assertions, the complaint can fairly be read to assert federal claims that have previously been dismissed. (See, e.g., Doc. 1–1 at 20 (Section A entitled, "Employment Discrimination in Violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983," and alleging, "This claim arises under federal law and is brought pursuant to the Civil Rights Act of 1866, as amended by Section 101 of the Civil Rights Act of 1991, codified in 42 U.S.C. § 1981 ("Section 1981") and 42 U.S.C. § 1983 of The Civil Rights Act of 1871 (Section 1983)"); id. at 22 (Section B entitled, "Employment Discrimination in violation of Title VII of the Civil Rights

Act (1964)"); id. at 23 ("Plaintiff is entitled to have and recover from Defendants Plaintiff's attorney fees pursuant to 42 U.S.C. § 1988(b)."). To the extent they are asserted, these federal claims are barred by the doctrine of res judicata (for the reasons this court has previously explained in prior rulings) and will therefore be dismissed with prejudice. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). To the extent Weathers asserts federal claims she did not raise in Weathers I, Weathers II, or Weathers III, the court finds that those claims "arise out of the same transaction or series of transactions or the same core of operative facts" as the claims dismissed with prejudice and are therefore barred as well. Id. at 355 (citation omitted). In the alternative, all the federal claims should be dismissed because Weathers does not oppose their dismissal.

With all of Weathers's federal claims dismissed, this court will decline to exercise supplemental jurisdiction over her State-law claims under 28 U.S.C. § 1367(c), and those claims will be remanded to State court. See Waybright v. Frederick Cty., MD, 528 F.3d 199, 209 (4th Cir. 2008) ("With all its federal questions gone, there may be the authority to keep [the case] in federal court[,] ... but there is no good reason to do so."). Weathers is cautioned that this court's decision to remand her State-law claims does not reflect any view of their merit. Indeed, because the court has declined to exercise supplemental jurisdiction over those claims, it cannot express a view on their viability. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89–101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (holding that a federal court cannot address the merits of a case without first determining that it has jurisdiction over the case). In other words, Weathers should not construe anything this court has done or said as any indication that it believes her State-law claims are meritorious.

Finally, as it did in Weathers III, the court cautions Plaintiff that her pro se status will not insulate her from sanctions under Federal Rule of Civil Procedure 11. See Weathers III, 113 F. Supp. at 833 (citing Alston v. Becton, Dickinson & Co., No. 12-cv-452, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014)). The court also reiterates its advice that Weathers seek guidance from a lawyer to determine whether she has any claims that "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11. She appears to have misconstrued this court's prior rulings and their import. If she returns to this court in the future to press her barred federal claims, the court will entertain the imposition of sanctions, including Defendants' reasonable attorneys' fees. She is also cautioned, as she was in open court this date, that dismissal of her federal claims means they cannot be reasserted, even in a State court forum. It is the claims that are barred, not the forum in which they are presented.

For all these reasons, therefore,

IT IS ORDERED that the State Defendants' motion to dismiss (Doc. 31) is GRANTED as to Weathers's federal claims and DENIED as to her State-law claims. Connor's motion for judgment on the pleadings (Doc. 50) is GRANTED. Weathers's federal claims are therefore DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the action is REMANDED to the General Court of Justice, Superior Court Division, Wake County, North Carolina, for further consideration of Weathers's State-law claims.