DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TONY ROBERSON,**
Appellant,

v.

**CITY OF POMPANO BEACH,**
Appellee.

No. 4D2024-0777

[February 26, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michele Towbin Singer, Judge; L.T. Case No. CACE22-003415.

Christopher C. Sharp of Sharp Law Firm, P.A., Fort Lauderdale, for appellant.

Tracy A. Lyons, Deputy City Attorney, City of Pompano Beach, for appellee.

LEVINE, J.

Appellant, an employee of the City of Pompano Beach, appeals the final summary judgment, entered in favor of the city, on appellant's claim that the city failed to promote appellant based on his race. We find the trial court did not err in granting the city's motion for final summary judgment since the city met its burden of showing legitimate, nondiscriminatory reasons for its decision, and appellant failed to meet his burden to show that the city's reasons were pretextual. As such, we affirm.

Appellant has worked for the city since 2007. Appellant was promoted in 2012 and then again in 2018. Appellant has consistently received annual merit raises based on superior job evaluations. Appellant applied for the position of Permit Service Coordinator, but appellant did not get the promotion. Instead, a white female received the position. Appellant, a black male, filed a complaint under the Florida Civil Rights Act, alleging racial discrimination. Appellant claimed that he was better qualified for the position and that he did not receive the promotion because of his race. The city denied the allegations and pointed out that appellant had received

another promotion in 2023, after this litigation had commenced.

According to the city's statement of facts, submitted in support of its summary judgment motion, a three-person selection committee interviewed six candidates for the position, all of whom met the minimum qualifications required. The committee consisted of a white male and a black male who held positions in the building department. The third member of the committee was a white male, who was appellant's then direct supervisor. That third committee member did not rank appellant in his top three choices and ranked the selected candidate as his second choice. The other two committee members ranked the selected candidate as their top choice. These two committee members both had worked with the selected candidate and had first-hand knowledge of her work ethic, job performance, and overall demeanor. They both regarded the selected candidate as the "best fit" due to her past experience in the building department as well her overall presentation as being "very calm and pleasant . . . ." The selected candidate was also described as "polished, ambitious, positive and enthusiastic . . . ." The same two committee members, however, described appellant as "very reserved and quiet" and "capable and reserved." Each committee member stated that appellant was qualified but that he did not have an outgoing personality, which was essential for this customer service position. All committee members denied that race had any part in the selection process.

The city disputed appellant's claim that the city's building department never had a black person as a supervisor. The current second-in-command at the building department was a black male, and a black female held a supervisory position in the research and records office. In fact, according to the city, it employed fifty-two black supervisors and managers. One of the committee members, a black male, supervised the entire department.

Although the parties stipulated that appellant had satisfied the initial burden of a prima facie case, they disputed whether the city's reasons for not promoting appellant were legitimate and non-discriminatory and whether the reasons were pretextual. The trial court entered a final order granting the city's motion for summary judgment. From that order, this appeal follows.

The standard of review for an order granting summary judgment is de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a); *see also*

2

*Celetex Corp. v. Catrett*, 477 U.S. 317 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Appellant filed his complaint under the Florida Civil Rights Act, which states that "[i]t is an unlawful employment practice for an employer . . . [t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual . . . because of such individual's race . . . ." § 760.10(1)(a), Fla. Stat. (2021). Because our Florida statute is "patterned after Title VII of the federal Civil Rights Act of 1964, as amended, 42. U.S.C. § 2000e et seq., we look to federal case law as well as Florida decisions to interpret the statute." *Johnson v. Great Expressions Dental Ctrs. of Fla., P.A.*, 132 So. 3d 1174, 1176 (Fla. 3d DCA 2014).

As such, we follow the three-part test as outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), "for establishing a discrimination claim based on disparate treatment in the workplace through circumstantial evidence." *St. Louis v. Fla. Int'l Univ.*, 60 So. 3d 455, 458 (Fla. 3d DCA 2011). Under this framework, "a plaintiff first must establish, by a preponderance of the evidence, a prima facie case of discrimination." *Id.* at 458-59. "Once a presumption of discrimination against the defendant is shown, the burden of proof shifts to the employer to present a 'legitimate, non-discriminatory reason' for the employment action." *Id.* at 459. "If the employer meets its burden of offering non-discriminatory reasons for its employment action, then the presumption of discrimination no longer exists, and the employee must prove the employer's legitimate reasons for [failure to promote] were a pretext for discrimination." *Id.*

In this case, the city demonstrated legitimate, non-discriminatory reasons for the city's failure to promote appellant to this particular job. Further, appellant failed to prove that the city's legitimate reasons for the failure to promote were, in fact, a pretext.

As to the first part of the framework, the parties stipulated that appellant had established a prima facie case. As to the second part of the framework, the city met its burden by establishing a legitimate, non-discriminatory reason for its decision. The three-member committee interviewed six candidates, all of whom met the minimum required qualifications. Two members of the committee—one of whom is a black male—had previously worked with the selected candidate and knew of her work ethic. The third committee member, who was a direct supervisor of appellant, did not rank appellant within his top three candidates of the six

3

who applied. The candidate who was selected had an outgoing personality, which was an important consideration for the committee. They contrasted this with appellant, who was described as reserved and quiet. Appellant had received several promotions in the past as well a promotion after not receiving this promotion at issue in the present case. Therefore, we find that the city has established legitimate, non-discriminatory reasons for not promoting appellant as well as for promoting the selected candidate.

As to the third and final part of the framework, appellant must show that the reasons for not promoting appellant were pretextual. A stated reason cannot be a pretext for discrimination "unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993). Further, "[c]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext . . . ." *Mayfield v. Patterson Pump Co.*, 101 F. 3d 1371, 1376 (11th Cir. 1996) (citation omitted). Evidence of pretext must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F. 3d 763, 771 (11th Cir. 2005). "[I]nquiry into pretext requires the court to determine, in view of all the evidence, 'whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct.'" *Crawford v. Carroll*, 529 F. 3d 961, 976 (11th Cir. 2008) (quoting *Combs v. Plantation Patterns*, 106 F. 3d 1519, 1538 (11th Cir. 1997)). We find, by this standard, appellant has failed to demonstrate such failings in the city's legitimate, non-discriminatory reasons to find them "unworthy of credence." *Vessels*, 408 F. 3d at 771.

Appellant raises various arguments why the city's legitimate, non-discriminatory reasons were, in fact, pretextual. Appellant's arguments all fall short. Appellant claims he had superior qualifications, but the record shows all applicants were qualified for the position. Further, "[a] plaintiff cannot prove pretext simply by showing that he was better qualified than the individual who received the position he wanted." *Laosebikan v. Coca-Cola Co.*, 167 Fed. Appx. 758, 761 (11th Cir. 2006); *see also City of Miami v. Hervis*, 65 So. 3d 1110, 1120 (Fla. 3d DCA 2011) ("[A] plaintiff cannot prove pretext merely by asserting that he was better qualified."). Additionally, appellant does not address the fact that two members of the committee had previously worked with the selected applicant, and appellant's direct supervisor, who was on the committee, failed to select appellant. Clearly, the committee looked to various factors,

including who would be a better fit for this customer service position.

Appellant claims that the city relied on subjective reasons. However, the city did look to work performance and past experience in customer service. It also relied on the fact that the committee had experience supervising both appellant and the selected applicant. Although the city did not rely on purely subjective criteria, "[a]bsent evidence that subjective hiring criteria were used as a mask for discrimination, the fact that an employer based . . . a promotion decision on purely subjective criteria will rarely, if ever, prove pretext . . . ." *Conner v. Lafarge N. Am., Inc.*, 343 Fed. App. 537, 542 (11th Cir. 2009) (quoting S*pringer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F. 3d 1344, 1349 (11th Cir. 2007)).

Appellant also claims that the trial court used the wrong standard to determine if appellant had established pretext. The trial court did not err. In order to prove pretext, a plaintiff must show "that the disparities between the successful applicant's and his own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Springer*, 509 F.3d at 1349 (citation and internal quotation marks omitted). During the hearing, appellant agreed that this was the correct standard. Applying this standard, the trial court concluded that there was not such a disparity between the selected candidate and appellant that no reasonable person could have chosen the selected candidate over appellant.

Appellant further claims that the city violated promotional policies since appellant had more seniority than the selected candidate. However, two other candidates not selected had more seniority than appellant. Regardless, "[y]ears of experience . . . are not necessarily determinative of qualifications for a promotion." *Matias v. Elon Univ.*, 780 Fed. Appx. 28, 31 (4th Cir. 2019) (citation omitted). Thus, appellant's seniority over the selected applicant is insufficient to demonstrate pretext. *Durham v. Xerox Corp.*, 18 F. 3d 836, 840 (10th Cir. 1994) (affirming summary judgment based on insufficient evidence of pretext because "[m]ere seniority does not support a finding that [a person] was more qualified for a different job").

Finally, appellant alleges as proof of pretext that the city gave "shifting explanations" and that the city lacked black employees holding supervisory and managerial positions. Both allegations are without merit. Although "substantial variations raise suspicion" when reasons vary, "[n]ot every supplement to an employer's initial statement of reasons gives rise to an inference of pretext." *Gardner v. Wal-Mart Stores, Inc.*, 2 F. 4th 745, 750 (8th Cir. 2021) (citation omitted). Appellant does not cite to any

5

differing or shifting explanations given to appellant. Instead, appellant relies on explanations given to other candidates as to why those candidates were not selected. These explanations relied on by appellant were irrelevant and not inconsistent with what was told to appellant.

As to appellant's allegation of racial discrimination, and his claim that there is a lack of black supervisors, that allegation was belied by the city's evidence. The city submitted undisputed evidence that the city had fifty-two black employees working in managerial and supervisory positions. Further, one of the committee members was a black male, who was second-in-command of the building department. Additionally, a black female held a supervisory position in the research and records office. This evidence contradicts appellant's allegation of pretextual discrimination.

In summary, we find that the city met its burden of demonstrating legitimate, non-discriminatory reasons for its decision to hire the selected employee. Similarly, appellant has failed to meet his burden to show that the city's reasons were pretextual. We affirm.

*Affirmed.*

WARNER and GROSS, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**